UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JACQUELINE LASSITER,<br><br>Plaintiff,<br><br>v.<br><br>KIMBER ANDERSON, BRIAN GIBBS,<br>FLEET BANK<br><br>Defendants. | Civil Action No. 04-cv-10550-WGY |

## DEFENDANTS' ANSWER AND DEFENSES

Defendants Kimber Anderson ("Anderson"), Brian Gibbs ("Gibbs"), and Fleet National Bank (incorrectly identified in Plaintiff's Complaint as "Fleet Bank") (Anderson, Gibbs, and Fleet are hereinafter sometimes collectively referred to as "Defendants") answer the Complaint of Jacqueline Lassiter ("Plaintiff" or "Lassiter") as follows:

1.  Defendants admit that Plaintiff is female and African-American. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's current address or citizenship. The allegations in paragraph 1 of the Complaint regarding Plaintiff's membership in a protected class state a legal conclusion and require no response by Defendants.

2.  Defendants admit that Kimber Anderson is a white, female, United States Citizen and is a former Fleet employee. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the Complaint.

3. Defendants admit that Brian Gibbs is a white, male, United States citizen who is currently employed by Fleet. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 of the Complaint.

4. Defendants aver that Fleet National Bank is a nationally chartered banking/financial institution with headquarters at 100 Federal Street that, among other locations, does business in Boston, Massachusetts. Defendants deny the remaining allegations contained in paragraph 4 of the Complaint.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, except admit that Fleet distributes to employees a copy of the Fleet Employee Information Handbook at the commencement of employment.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, and state that the terms of the Fleet Employee Information Handbook, and the policies contained therein, speaks for themselves.

7. Defendants deny the allegations contained in paragraph 7 of the Complaint.

8. Defendants deny the allegations contained in the first sentence of paragraph 8 of the Complaint, except admit that Plaintiff commenced employment at Fleet on October 20, 2001 as a Teller at the Exeter Plaza Branch on Boylston Street in Boston. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint.

9. Defendants deny the allegations contained in paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in paragraph 10 of the Complaint, and state that the terms of the Fleet Employee Information Handbook, and the policies contained therein, speaks for themselves.

11. Defendants admit that on or around March 23, 2003, Plaintiff informed Defendants Gibbs and Anderson that she did not wish to work on Saturdays, but wanted to work Monday through Friday, six hours a day, except for Fridays, when she would work the entire shift. Defendants further admit that on March 23, 2003, Plaintiff referred to a written Fleet policy. Except as expressly admitted, Defendants deny the allegations contained in paragraph 11 of the Complaint.

12. Defendants admit the allegations contained in paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint, and state that Fleet's Flexible Work Arrangements policy was available to all domestic employees where mutually beneficial to both Fleet and the employee.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint.

16. Defendants admit that Plaintiff was responsible for excessive teller differences. Except as expressly admitted, Defendants deny the allegations contained in paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and state that the terms of the Fleet Employee Information Handbook, and the policies contained therein, speaks for themselves.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, and state that the terms of the Fleet Employee Information Handbook, and the policies contained therein, speaks for themselves.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, and state that the terms of the Fleet Employee Information Handbook, and the policies contained therein, speaks for themselves.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the Complaint.

25. Defendants admit that Plaintiff interviewed for another position at another location. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint with respect to any "quest" undertaken by Plaintiff.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. Defendants admit the allegations contained in paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint. Further answering, Defendants state that the Fleet Employee Information Handbook, and the policies contained therein, speak for themselves.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. The allegations contained in paragraph 33 of the Complaint state a legal conclusion and require no response by Defendants.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

## COUNT 1

35. Defendants incorporate the preceding responses to the allegations as though fully set forth herein.

36. Defendants deny the allegations contained in paragraph 36 of the Complaint, including subparts (a)-(e). Further, Defendants state that Plaintiff's claims for relief under 42 U.S.C. §§1985 and 1986 are the subject of Defendants' concurrently filed Motion to Dismiss.

## COUNT 2

37. Defendants incorporate the preceding responses to the allegations as though fully set forth herein.

38. Defendants deny the allegations contained in paragraph 38 of the Complaint, including subparts (a)-(e). Further, Defendants state that Plaintiff's claims for relief under 42 U.S.C. §§1985 and 1986 are the subject of Defendants' concurrently filed Motion to Dismiss.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff has failed to establish a *prima facie* case of discrimination based on race.

### Second Affirmative Defense

Plaintiff has failed to establish a *prima facie* case of retaliation.

### Third Affirmative Defense

Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

### Fourth Affirmative Defense

Defendants complied with all laws and regulations and have otherwise satisfied statutory obligations toward Plaintiff under Massachusetts General Laws chapter 151B and Title VII.

### Fifth Affirmative Defense

Plaintiff has failed to mitigate any damages she may have suffered.

### Sixth Affirmative Defense

Plaintiff's Complaint is barred by the doctrine of waiver.

### Seventh Affirmative Defense

Plaintiff's Complaint is barred by the statute of limitations.

### Eighth Affirmative Defense

Plaintiff's claim for compensatory damages is barred to the extent she is unable to establish harm caused by Defendants' alleged actions.

PRV_642070_1/MGLICKSON

### Ninth Affirmative Defense

Plaintiff's claims should be dismissed because Plaintiff did not adequately perform her job duties.

### Tenth Affirmative Defense

Plaintiff is estopped by her own conduct from asserting any of his claims against Defendants.

### Eleventh Affirmative Defense

Plaintiff's claims should be dismissed because Defendants made the challenged employment decision for legitimate, nondiscriminatory business reasons.

### Twelfth Affirmative Defense

Defendants states that Plaintiff's claims should be dismissed to the extent that they were not set forth in her administrative charge.

### Thirteenth Affirmative Defense

Plaintiff's Complaint should be dismissed for misnomer.

### Fourteenth Affirmative Defense

Defendants state that, even if Plaintiff is able to prove that a prohibited factor motivated Defendants' alleged employment action, which Defendants expressly deny, the same action would have been taken even absent such motivation and, therefore, Plaintiff's claims must fail.

### Fifteenth Affirmative Defense

Plaintiff has failed to exhaust her administrative remedies.

### Sixteenth Affirmative Defense

Defendants state that Fleet maintains a policy prohibiting discrimination and retaliation, and a procedure for the resolution of complaints alleging discrimination and retaliation.

### Seventeenth Affirmative Defense

Defendants state that, at all times, they acted promptly and effectively in response to any complaints asserted by Plaintiff of discrimination and retaliation.

### Eighteenth Affirmative Defense

The Complaint is barred, in whole or in part, because Defendants exercised reasonable care to prevent and correct promptly any harassing or discriminatory conduct and because Plaintiff unreasonably failed to properly take advantage of any preventative or corrective opportunities provided by Fleet or to avoid harm otherwise.

### Nineteenth Affirmative Defense

The damages and relief sought in Plaintiff's Prayer for Relief and "Claims for Relief" are, in whole or in part, not legally authorized.

### Twentieth Affirmative Defense

Defendants state that no contractual relationship existed between Fleet and Plaintiff.

### Twenty-first Affirmative Defense

An award of punitive damages in this case would be contrary to Defendants' good faith efforts to comply with the law.

### Twenty-second Affirmative Defense

Plaintiff has failed to state her claim of conspiracy with particularity.

### Twenty-third Affirmative Defense

Defendants committed no overt act in furtherance of any conspiracy.

### Twenty-fourth Affirmative Defense

Defendants never agreed to deprive Plaintiff of any constitutional or federal right.

WHEREFORE, Fleet respectfully requests that the Complaint be dismissed with prejudice, and that Fleet be awarded its costs and attorneys fees in having to defend this action, and that the Court award Fleet such other relief as it deems just and appropriate.

                         **KIMBER ANDERSON,
BRIAN GIBBS, AND
FLEET NATIONAL BANK**

                         By their attorneys,

                         */s/ George P. Kostakos*
                         George P. Kostakos
                         BBO No. 557919
                         Melanie L. Glickson
                         BBO No. 652565
                         Edwards & Angell, LLP
                         2800 Financial Plaza
                         Providence, RI 02903
                         (401) 274-9200

                         101 Federal Street
                         Boston, MA 02110
                         (617) 439-4444

Dated: March 31, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of March 2004, a copy of the foregoing document was served upon the following counsel of record for the parties via facsimile and first class mail:

Winston Kendall, Esq.
Law Office of Winston Kendall
136 Warren Street
Roxbury, MA  02119

George P. Kostakos