UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JACQUELINE LASSITER,<br><br>    Plaintiff,<br><br>v.<br><br>KIMBER ANDERSON, BRIAN GIBBS,<br>FLEET BANK<br><br>    Defendants. | Civil Action No. 04-cv-10550-WGY |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIM UNDER 42 U.S.C. §§1985-1986

Defendants Kimber Anderson ("Anderson"), Brian Gibbs ("Gibbs"), and Fleet National Bank (incorrectly identified in Plaintiff's Complaint as "Fleet Bank") (Anderson, Gibbs, and Fleet are hereinafter sometimes collectively referred to as "Defendants," pursuant to Fed. R. Civ. P. 12(b)(6), move to dismiss the cause of action brought under 42 U.S.C. §§1985-1986 by Plaintiff Jacqueline Lassiter ("Plaintiff" or "Lassiter") for failure to state a claim upon which relief can be granted. As grounds for this motion, Defendants state as follows:

1.  On or around February 11, 2004, Plaintiff filed her Complaint against Defendants in Massachusetts Superior Court. Plaintiff served Defendants on or around March 1, 2004.

2.  In general, Plaintiff claims that Defendants allowed white employees to work a schedule that excluded Saturdays, but that Defendants did not allow Plaintiff to do so. Plaintiff also claims that another Fleet employee, who was white, was responsible for Plaintiff's excessive teller difference (which contributed to her termination), and that Fleet attributed the teller overage to Plaintiff based on her race. Specifically, in her Complaint, Plaintiff alleges that the individual defendants, Anderson and Gibbs, violated: Plaintiff's rights under an alleged

employment contract with Fleet; Mass. Gen. Laws ch. 151B(4); Mass. Gen. Laws ch. 151B(4)(4); 42 U.S.C. §1981; and 42 U.S.C. §§1985-1986. Plaintiff further claims that Defendant Fleet has violated her rights under Mass. Gen. Laws ch. 151B(4); Mass. Gen. Laws ch. 151B(4)(4); 42 U.S.C. §1981; and Title VII.

3. On or around March 18, Defendants timely removed the case to federal court based on Plaintiff's allegations of violations of federal law.

4. Plaintiff has not, and cannot, allege the elements of conspiracy with particularity, which is required as a matter of well-settled law. As such, this Court should dismiss Plaintiff's claims under 42 U.S.C. §§1985-1986.

WHEREFORE, Defendants respectfully request this Court dismiss Plaintiff's claims under 42 U.S.C. §§1985-1986 with prejudice.

**KIMBER ANDERSON,
BRIAN GIBBS, AND
FLEET NATIONAL BANK**

By their attorneys,

George P. Kostakos
BBO No. 557919
Melanie L. Glickson
BBO No. 652565
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200

101 Federal Street
Boston, MA 02110
(617) 439-4444

Dated: March 31, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of March 2004, a copy of the foregoing document was served upon the following counsel of record for the parties via facsimile and first class mail:

Winston Kendall, Esq.
Law Office of Winston Kendall
136 Warren Street
Roxbury, MA  02119

George P. Kostakos