UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JACQUELINE LASSITER,<br><br>            Plaintiff,<br><br>v.<br><br>KIMBER ANDERSON, BRIAN GIBBS,<br>FLEET BANK<br><br>            Defendants. | Civil Action No. 04-cv-10550-WGY |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIM UNDER 42 U.S.C. §§1985-1986

Defendants Kimber Anderson ("Anderson"), Brian Gibbs ("Gibbs"), and Fleet National Bank (incorrectly identified in Plaintiff's Complaint as "Fleet Bank") (Anderson, Gibbs, and Fleet are hereinafter sometimes collectively referred to as "Defendants," pursuant to Fed. R. Civ. P. 12(b)(6), move to dismiss the cause of action brought under 42 U.S.C. §§1985-1986 by Plaintiff Jacqueline Lassiter ("Plaintiff" or "Lassiter") for failure to state a claim upon which relief can be granted. As grounds for this motion, Defendants state as follows:

### FACTUAL BACKGROUND

1. On or around February 11, 2004, Plaintiff filed her Complaint against Defendants in Massachusetts Superior Court. Plaintiff served Defendants on or around March 1, 2004.

2. In general, Plaintiff claims that Defendants allowed white employees to work a schedule that excluded Saturdays, but that Defendants did not allow Plaintiff to do so. Plaintiff also claims that another Fleet employee, who was white, was responsible for Plaintiff's excessive teller difference (which contributed to her termination), and that Fleet attributed the teller overage to Plaintiff based on her race. Specifically, in her Complaint, Plaintiff alleges that the

individual defendants, Anderson and Gibbs, violated: Plaintiff's rights under an alleged employment contract with Fleet; Mass. Gen. Laws ch. 151B(4); Mass. Gen. Laws ch. 151B(4)(4); 42 U.S.C. §1981; and 42 U.S.C. §§1985-1986. Plaintiff further claims that Defendant Fleet has violated her rights under Mass. Gen. Laws ch. 151B(4); Mass. Gen. Laws ch. 151B(4)(4); 42 U.S.C. §1981; and Title VII.

3.  On or around March 18, Defendants timely removed the case to federal court based on Plaintiff's allegations of violations of federal law.

4.  Plaintiff has not, and cannot, allege the elements of conspiracy with particularity, which is required as a matter of well-settled law. As such, this Court should dismiss Plaintiff's claims under 42 U.S.C. §§1985-1986.

## LEGAL ARGUMENT

Plaintiff's claims against Defendants Anderson and Gibbs for violation of 42 U.S.C. §§1985-1986 should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff has failed to state a claim upon which relief can be granted. Section 1985 allows a plaintiff to bring a cause of action for conspiracy to deprive her of a constitutional or federal right. 42 U.S.C. §1985. Section 1986 provides that anyone with knowledge of a conspiracy that would violate §1985 is liable as a conspirator if he has the power to prevent it and fails to do so. 42 U.S.C. §1986. Conspiracy under §1985 consists of (1) a conspiracy, (2) a conspiratorial purpose to deprive a person, directly or indirectly, of the equal protection of the laws or of equal privileges and immunities under the laws, (3) an overt act in furtherance of the conspiracy, and (4) either an injury to person or property, or a deprivation of a constitutionally protected right or privilege. Ahmed v. Berkshire Medical Center, Inc., 1998 WL 157016 *9, No. 94-30250-FHF, (D.Mass.,

Mar. 31, 1998); Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).

Plaintiffs must allege the elements of conspiracy with particularity, and must allege specific facts that strongly suggest an agreement existed among the alleged actors to commit a wrongful act. See Schmitz v. Mars, Inc., 261 F.Supp.2d 1226 (D.Or. 2003) (to state a conspiracy claim under federal civil rights statute, plaintiff must plead specific material facts that show existence of conspiracy); Clark v. Maryland Dept. of Public Safety and Correctional Services, 247 F.Supp.2d 773 (D.Md. 2003) (failure to employee to allege facts tending to show agreement on the part of other employees to violate his constitutional rights precluded claim of civil conspiracy); Soto v. Shembri, 960 F.Supp. 751 (S.D.N.Y. 1997) (granting defendant's motion to dismiss plaintiffs' §1985 claim since plaintiffs did not allege racial or class-based animus or the elements of conspiracy with particularity); Rogers v. Mount Union Borough, 816 F.Supp. 308 (M.D.Pa. 1993) (claims under §1985 must be pled with factual specificity; mere conclusory allegations that conspiracy existed will not survive motion to dismiss); Hurt v. Philadelphia Housing Authority, 806 F.Supp. 515 (E.D.Pa. 1992) (specificity required for pleading civil rights conspiracy obligates plaintiffs to allege specific conduct violating plaintiffs' rights, time and place of that conduct, and identity of responsible parties).

In her Complaint, Plaintiff asserts only that the individual defendants "…did conspire to cause her to be subjected to unlawful discrimination and retaliation to an end. In furtherance of their conspiracy, the defendants did cause plaintiff to suffer injury to her person and property, because of her race and colour." Complaint, ¶ 31. Such broad, conclusory allegations do not satisfy the requirement that conspiracy claims be asserted with particularity. Plaintiff's cause of action under §1985 should, therefore, be dismissed. Consequently, it follows that Plaintiff's

claim under §1986 must also be dismissed.  See e.g, Dooley v. Reiss, 736 F.2d 1392 (9th Cir. 1392), *cert. denied* 469 U.S. 1038, 105 S.Ct. 518, 83 L.Ed.2d. 407 (because plaintiffs failed to state a claim under §1985, claim under §1986 was subject to dismissal).

WHEREFORE, Defendants respectfully request this Court dismiss Plaintiff's claims under 42 U.S.C. §§1985-1986 with prejudice.

**KIMBER ANDERSON,
BRIAN GIBBS, AND
FLEET NATIONAL BANK**

By their attorneys,

George P. Kostakos
BBO No. 557919
Melanie L. Glickson
BBO No. 652565
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200

101 Federal Street
Boston, MA 02110
(617) 439-4444

Dated: March 31, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of March 2004, a copy of the foregoing document was served upon the following counsel of record for the parties via facsimile and first class mail:

Winston Kendall, Esq.
Law Office of Winston Kendall
136 Warren Street
Roxbury, MA 02119

*George P. Kostakos*
George P. Kostakos