UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
#04-CV-10550-WGY

JACQUELINE LASSITER

v.                        DISCOVERY PLAN

KIMBER ANDERSON ET AL.

## CASE SUMMARY

**THEORY OF LIABILITY:**

This is an action commenced under G.L.c.151B(4); G.L.c.151B(4)(4); S.1981; S.1985; S.1986, Title VII; 42 USC s.2000e-3(a) and under common law for interference with contract against the individual defendants, Anderson and Gibbs and the corporate employer Fleet Bank; arising out of the plaintiff's employment by Fleet. Plaintiff alleges that she was subjected to racial harassment; retaliation and termination on account of her opposition to and protest against racial discrimination in the terms and conditions of her employment.

**THEORY OF DEFENSE:**

The defendants have denied the allegations and assert, inter alia, that the adverse employment actions taken against the plaintiff were the product of legitimate business decisions and were not motivated by racial discrimination or retaliatory motives.

**DAMAGES:**

The plaintiff seeks compensatory damages on account of the discriminatory activities of the defendants, including failure to promote as well as damages resulting from the emotional distress and mental anguish which she experienced as a result of the wrongful acts.

**DEMAND:**

The plaintiff has made an offer to settle her claims against all of the defendants for the sum of $450,000.00.

TYPE OF TRIAL:

Plaintiff demands a trial by jury.

## DISCOVERY

DISCOVERY NEEDED:

In order for the factfinder to assess the **bona fides** of the defendants' contention that the adverse employment actions to which plaintiff was subjected were, in fact, legitimate business decisions; discovery must be had with regard to:

Plaintiff's employment and salary history with Fleet; a comprehensive statement of all of the reasons on which the defendants relied for the adverse actions; the employment history of similarly situated employees, including but not limited to those of fellow employees who worked at the Exeter Plaza Branch and especially of Nelson Velez; any efforts made by the employer to investigate the plaintiff's complaints of racial discrimination and harassment; the existence of any objective criteria which would have limited the discretion of supervisors to take adverse action against employees; the role, if any, played by Fleet's Dept. of Human Resources or Office of Equal Employment Opportunity in investigating the facts and circumstances surrounding discipline meted out to the plaintiff and their input in the decision making process which preceded the termination of plaintiff; Fleet's internal mechanism for investigating complaints of racial discrimination and racial harassment; complaints of discrimination , harassment and/or retaliation made against Fleet and/or its supervisory officials for the five year period preceding the termination of the plaintiff and the final dispositon of such complaints; the reasons on which Fleet relies for refusing to hire the plaintiff for a new position for which she was interviewed ; any facts showing that the defendants gave serious consideration to any alternative form of discipline, short of the termination of plaintiff; the existence of insurance coverage to meet the damages sought; the financial worth and/or assets of the defendants.

COMPLETION OF DISCOVERY:

It is proposed that the deadline for the completion of discovery be set at 31st December, '04. It is further proposed that the deadline be extended, by at least sixty days, in the event that there are non-trivial disputes as to discovery, which would require the service and filing of Motions To Strike And For Further Answers with supporting Memoranda of Law and Exhibits, Affidavits, etc., for adjudication by the court.

DEPOSITONS:

It is proposed that there shall be a limit of six depositions, for both the plaintiff and the defendants; with the proviso that the parties may seek leave of court to exceed this figure, upon the appropriate showing by motion, affidavit, etc.

DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:

The plaintiff and defendants should make the required disclosures by $30^{th.November}$, '04.

AMENDMENT OF PLEADINGS:

It is proposed that the Plaintiff serve Amended Pleadings by $30^{th.November}$, '04 and that Defendants serve Amended Pleadings by $15^{th.December}$, '04.

DISPOSiTIVE MOTIONS:

For Summary Judgment: By Defendants: At least forty-five days prior to the date set for trial.

SETTELEMENT POSSIBILITIES:

The plaintiff has indicated her willingness to have this matter referred to mediation or to ADR.

WITNESSES AND EXHIBITS:

It is proposed that the parties file their Lists of Witnesses and Exhibits at least ten days prior to the final Pre-Trial Conference.

ESTIMATE AS TO LENGTH OF TRIAL:

Four to five days.

Plaintiff,
By her Attorney,

_W. Kendall_
W. Kendall
136 Warren Street
Roxbury, Ma. 02119
(617) 442-6130

## CERTIFICATE OF SERVICE

I, W. Kendall, counsel for plaintiff, hereby certify that on 18$^{th.June}$, '04, I did make service of the foregoing Discovery Plan, by first class mail, postage pre-paid on George Kostakos, Edwards, Angell, 2800 Financial Plaza, Providence, R.I, 02903

_W. Kendall_
W. Kendall