UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
C.A.#04-10550-WGY

JACQUELINE LASSITER

v.

KIMBER ANDERSON ET AL.

AFFIDAVIT IN SUPPORT OF
MOTION TO STRIKE AND FOR
FURTHER ANSWERS

I, W.Kendall, depose and say that:
1. I am counsel for plaintiff.

2. Annexed to this Affidavit, as Exhibits 1,2 and 3 are: the defendant's (Fleet National Bank) Answers And Objections To Plaintiff's First Set of Interrogatories, to Plaintiff's Request For Production and a writing, under date of 18th.August, '04, in which we identified certain Answers as being non-responsive and which we indicated required supplementation.,

3. Set forth below are the non-responsive answers and the reasons on which the plaintiff relies for her request that the defendant be ordered to provide supplementation:

Defendant's Answers To Interrogatories

#4. The defendant objected to providing the name, race, sex, etc. of persons who had protested, within the past ten years, against unfair treatment, harassment and discrimination. This information is relevant to proof of motive and to a showing of circumstantial evidence of a discriminatory atmosphere. Conway v. Electro Switch Corp., 825 F.2d 593 (1st.Cir., 1987); Hawkins v. Hennepin Technical Ctr., 900 F.2d 158 (8th.Cir.) cert. denied, 498 U.S. 854 (1990); Hurley v. Atlantic City Police Dept. 174 F.3d 95, 108-112 (3d.Cir., 1999) cert. denied, 120 S.Ct.786 ('00).

The objection that the information is personal or private is unavailing where the plaintiff seeks to vindicate rights protected by a federal statute. EEOC v. St.Louis Dev.Disabilities Treatment Ctr., 118 F.R.D. 484 (E.D.Mo., 1987); Dorsten v. Lapeer County Gen.Hospital, 88 F.R.D. 583 (1980); U.S. EEOC v. Com of Mass., 760 F.Supp. 685 (N.D. Ill.,1990). The information could show that there were complaints of discrimination made to the employer and that the employer did not promptly and thoroughly investigate such complaints, creating a climate of

1

racial discrimination. The information would also permit the plaintiff to interview former employees who had complained of discrimination and obtain information from them about employment practices which may be discriminatory.

#5. The defendant objected, on the same grounds, to providing information relative to investigations it conducted into complaints of discrimination. The plaintiff relies on the rationale set forth above, to rebut the defendant's Objection to #4.

The employer has an obligation to fairly and promptly investigate complaints of discrimination and its omission to do so, would prevent the employer from setting up an affirmative defense to a claim that there was a discriminatory atmosphere in the workplace. Burlington Industries v. Ellerth, 524 U.S. at 765; Watts v. Kroger Co., 170 F.3d 505 (5th.Cir., 1999); Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75 (1995).

#8. The defendant objected to a request for information relative to any alternatives considered to the termination of the plaintiff, on the ground of "speculation".

The defendant had available a range of sanctions for improper performance and could have elected a less severe sanction. If the defendant considered no alternative to termination, then that is information which the factfinder may weigh in deciding whether the punishment was reasonable or unduly harsh and evidence of discriminatory animus. It has been judicially recognized that when supervisory officials of one race have discretion in making decisions with regard to members of a minority group, such subjective decisions are generally unfavourable to the member of the minority group. Rowe v. GMC Corp., 457 F.2d 348, 359 (5th.Cir., 1972); Easley v. Empire, Inc., 757 F.2d 923, 930-931 (8th.Cir., 1985).

#9. The defendant refused to provide information showing that the plaintiff failed to mitigate damages- on the ground of speculation.

The plaintiff is entitled to probe the affirmative defenses and the bases for them. Plaintiff needs a response to this interrogatory in order to seek information with which to rebut the defense.

#10. The defendant refused to provide information relative to the identity of its Affirmative Action Officer for 1993-2002, on the ground that the question was overly broad.

Plaintiff relies on the rationale set forth with respect to defendant's Objection to #5, supra. The reason for the position of Affirmative Action Officer (AAO) is to receive and investigate complaints of discrimination, as well as to educate employees, especially supervisors, of their

2

responsibilities under the Civil Rights Statutes. Information on the qualifications of the AAO and her/his performance of her/his duties is information which the factfinder may consider on the adequacy of the employer's efforts to combat discriminatory practices in the workplace and to fairly and promptly investigate complaints of discrimination.

#12. The defendant objected to p roviding information relative to contracts which it may have with governmental bodies- on the ground of overbroadness and burdensomeness.

The plaintiff needs the information to determine whether the defendant adhered to its obligations to federal and state government(s) to take reasonable efforts to ensure that its employment policies were not discriminatory- whether through disparate treatment or by disparate impact. Under Title VI and its regulations, Alexander v. Choate, 469 U.S. 287, 293 (1985); Monteiro v. Tempe Union High School Dist., 158 F.3d 1022 (9th.Cir., 1998), read in conjunction with the EEOC Uniform Guidelines in Employee Selection Procedures-29 CFR Part 1607 employers who receive governmental funds are required to take affirmative action, to redress discrimination. Trinity Industries, Inc. v. Herman, 173 F.3d 527 (4th.Cir., 1999). Information showing that the defendant did not comply with its obligations, may be presented to the factfinder to prove discrimination.

#13. Defendant refused to provide information with regard to the employment and salary histories of the individual named defendants- Kimber Anderson and Brian Gibbs, on grounds of vagueness and privacy concerns.

The employment histories of the individual defendants could show, for example, whether there were complaints of discrimination, harassment or retaliation, made about them by other employees. Plaintiff could then seek to interview current or former employees who made such complaints. Further, the employment histories could disclose whether the defendants violated rules and regulations of the employer and whether the employer took any action against them. An omission to take action against these white employees for violation of regulations, could be viewed against the fact that the black plaintiff was terminated for alleged violations, and permit the factfinder to evaluate whether the disparity in discipline was grounded in racial animus.

The privacy interests of the defendants are superseded by the plaintiff's federally protected right to be free from discrimination in employment.

3

#14. The defendant objected to providing any explanation offered by its insurer(s) for refusal of insurance coverage for any judgment recovered by plaintiff- on grounds of speculation, vagueness and ambiguousness.

Insurance coverage is available where any employer acts with reckless disregard as to whether its conduct was unlawful. Andover Newton Theological School, Inc. v. Continental Casualty Co., 409 Mass.350, 352-3; 566 N.E.2d 1117-1119 (1991); Lumbermens Mut. Cas. Co. v. YCN Trans. Co., 46 Mass. App.Ct. 209 (1999).

## DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

#8. Defendant refused to provide documents showing complaints of discrimination, etc. over the past ten years.

Plaintiff relies on the rationale set forth with regard to defendant's Answer To Interrogatory # 4 and incorporates the same herein.

#9. Defendant refused to produce documents showing investigations conducted into complaints, etc., against unfair treatment and discrimination.

The reasons which plaintiff advances in support of her need for these documents are similar to those set forth in her explanation of reasons with respect to defendant's answer to interrogatories 4 and 10. Plaintiff incorporates that argument and rationale herein.

#14. Defendant refused to provide documents showing that it considered alternatives to the termination of the plaintiff.

Plaintiff relies on and incorporates her argument advanced with respect to defendant's answer to interrogatory # 10.

#16. Defendant refused to provide documents showing the cost, in U.S. currency, of the alternative discipline it considered.

Plaintiff relies on the rationale advanced with respect to defendant's answer to interrogatory #10. The documents, if they exist, will permit the factfinder to determine whether there would have been a financial hardship to the defendant to implement alternative discipline and whether the decision to terminate plaintiff was motivated by discriminatory animus and/or bad faith.

#17. The defendant refused to provide documents showing compensation, including fringe benefits, of the position for which plaintiff applied. Defendant claimed that the request was vague, overly broad and burdensome.

    The complaint on file in this action, shows that the plaintiff applied for a promotion and was rejected, out of discriminatory and retaliatory animus. The documents will permit the factfinder to determine the extent of the plaintiff's compensatory damages. Carey v. Mt.Desert Island Hospital, 156 F.3d 31 (1st.Cir., 1998); Criado v. IBM Corp., 145 F.3d 437, 445 (1st.Cir.).

#18. Defendant refused to produce documents showing the current compensation of the position which the plaintiff used to hold.

    Plaintiff relies on the rationale set forth with respect to defendant's Answer to Request #17.

#19. Defendant refused to produce documents showing that plaintiff failed to mitigate damages. Defendant claimed attorney-client privilege.

    Plaintiff relies on the rationale advance in her discussion of the defendant's objection to interrogatory #9 and incorporates same herein. Further, a court may reduce a back pay award where a plaintiff fails to mitigate damages. Quint v. A.E. Staley Mfg. Co., 172 F.3d 1, 15-16 (1st.Cir., 1999). Plaintiff is entitled to view the documentary evidence so that she may seek information to rebut the defense of failure to mitigate damages.

#22. Defendant refused to produce documents showing violations committed at the Exeter Plaza Branch in 2001-02. Defendant claimed that "rule violations" is vague and ambiguous and that the request is overly broad.

    Plaintiff relies on the argument set forth with respect to defendant's answer to interrogatory # 4. The documents will be helpful to the factfinder in determining whether the punishment imposed on the plaintiff, for her rule violations, was reasonable or not, in light of violations committed by other employees. If the plaintiff's punishment was markedly different, and harsher, than that suffered by other employees, it will be evidence which the factfinder could consider on the issue of disparate treatment, discriminatory animus and pretext. EEOC v. Brown & Root, Inc. 688 F.2d 338, reh'g denied, 692 F.2d 757 (5th.Cir.,1982).

#'s: 26 and 27. Defendant refused to produce documents showing contracts between the government, federal, state and local and the defendant- on grounds that the request was overly broad and burdensome.

Plaintiff relies on the argument advanced in connection with the discussion of the defendant's response to interrogatory #12. The factfinder should be permitted to examine such documents in determining whether defendant violated its obligations imposed by federal regulations and by state law and Executive Orders.

#'s 28 & 29: Defendant refused to produce documents showing the qualifications for the position for which plaintiff applied and the qualifications of the successful applicant. Defendant claimed vagueness and burdensomeness.

The requested documents should show whether or not plaintiff was qualified for the position which she had applied, i.e. a promotional opportunity, during her employment. The documents showing the qualifications of the successful applicant will permit the factfinder to evaluate the stated qualifications of the successful candidate against those of the plaintiff- to determine whether the rejection of the plaintiff was made in good faith or whether it was motivated by discriminatory and/or retaliatory animus. Conversely, if no such documents exist, the factfinder will be permitted to infer that the decision to deny the position to plaintiff was subjective and not limited by any identifiable criteria, thus making it easy for supervisory officials to discriminate against plaintiff.

30. Defendant refused to produce documents showing insurance contracts which could be used to satisfy a judgment in plaintiff's behalf. Defendant claimed "speculation".

Plaintiff relies on the argument advanced in her discussion of defendant's objection to interrogatory # 14.

#31. Defendant refused to produce documents showing that its insurer(s) notified it that it (they) would not provide coverage for any judgment entered on behalf of plaintiff- on the ground of "speculation".

Plaintiff relies on the rationale advanced in her discussion of defendant's objection to interrogatory #14. The information will also be helpful to plaintiff in determining whether, in the event that judgment is entered for plaintiff, the insurer(s) is (are) acting in good faith.

The information sought by way of these discovery requests, cannot be readily obtained from any other source and is necessary to proof

of the plaintiff's case and to rebut the affirmative defenses. Unless the court orders the defendant to supplement its responses, plaintiff will suffer a severe disadvantage in the presentation of her case.

W. Kendall