UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JACQUELINE LASSITER,

    Plaintiff,

v.

KIMBER ANDERSON, BRIAN GIBBS,
FLEET BANK

    Defendants.

Civil Action No. 04-cv-10550-WGY

## DEFENDANT FLEET NATIONAL BANK'S OPPOSITION TO PLAINTIFF JACQUELINE LASSITER'S MOTION TO STRIKE AND FOR FURTHER ANSWERS

Defendant Fleet National Bank (incorrectly identified in Plaintiff's Complaint as "Fleet Bank") ("Defendant" or "Fleet") hereby submits this Opposition to Motion to Strike and For Further Answers to Interrogatories and to Request for Production Propounded by Plaintiff to Defendant Fleet Bank. As grounds for this motion, Defendants state as follows:

### INTRODUCTION

Shortly after the commencement of this action, Plaintiff Jacqueline Lassiter ("Plaintiff") served interrogatories and requests for production of documents upon Defendant. Many of the subject interrogatories and requests for production were vague, overbroad, or sought information that was not reasonably calculated to lead to the discovery of admissible evidence. In reply, Defendant responded as fully as possible to certain of the interrogatories and requests. Defendant also interposed objections to many of the discovery requests because of the vague or overbroad nature of the request, or because the information sought was wholly irrelevant to the issues in this litigation.

Plaintiff thereafter contacted Defendant regarding the discovery responses, and purported to "meet and confer" regarding Defendant's objections. Plaintiff failed in the telephone conference to provide additional information to Defendant to enable Defendant to more fully respond to the objectionable discovery requests. Frustrated by Plaintiff's failure to provide additional information regarding the purported deficiencies, Defendant requested that Plaintiff articulate the purported deficiencies in writing.

On August 18, 2004, Plaintiff sent Defendant a letter that simply listed the allegedly problematic discovery responses, without any articulation of the reasons for the deficiencies. See Exhibit A hereto. Defendant responded to Plaintiff by letter dated August 23, 2004, advising Plaintiff as follows:

> Fleet maintains its objections to the Document Requests and Interrogatories you identify in your letter. Further, Fleet cannot engage in a meaningful dialogue regarding the deficiencies you claim exist with the subject discovery responses, without additional information from you as to the claimed deficiencies.

Exhibit A.

Plaintiff thereafter served her Motion to Strike and for Further Answers to Interrogatories and to Request for Production Propounded by Plaintiff to Defendant Fleet Bank and supporting affidavit of W. Kendall on or about August 29, 2004 ("Motion to Strike"). The Motion to Strike requests that the Court strike certain discovery responses, and order Defendant to serve further answers to the corresponding requests.

As set forth in greater detail herein, Plaintiff's Motion to strike is without merit and should be denied. The discovery requests that form the basis of the Motion are flawed, and the objections interposed to these requests by Defendant are valid. The Court should further direct

Plaintiff to tailor many of the interrogatories and document requests so that they are less vague and burdensome, and more reasonably calculated to lead to the discovery of admissible evidence.

## ARGUMENT AND CITATION OF AUTHORITY[1]

### A. Plaintiff's Request for Information Related to Other Discrimination Claims – Interrogatories 4 & 5; Requests for Production 8 & 9.

In her Complaint, Plaintiff claims that Defendants allowed white employees to work a schedule that excluded Saturdays, but that Defendants did not allow Plaintiff to do so. Plaintiff also claims that another Fleet employee, who was white, was responsible for Plaintiff's excessive teller difference (which contributed to her termination), and that Fleet attributed the teller overage to Plaintiff based on her race. Specifically, in her Complaint, Plaintiff alleges that the individual defendants, Anderson and Gibbs, violated: Plaintiff's rights under an alleged employment contract with Fleet; Mass. Gen. Laws ch. 151B(4); Mass. Gen. Laws ch. 151B(4)(4); 42 U.S.C. §1981; and 42 U.S.C. §§1985-1986. Plaintiff further claims that Defendant Fleet has violated her rights under Mass. Gen. Laws ch. 151B(4); Mass. Gen. Laws ch. 151B(4)(4); 42 U.S.C. §1981; and Title VII.

Interrogatories 4 and 5 apparently relate to Plaintiff's discrimination claims under Massachusetts and federal law, and call for Defendant to provide information as to other acts of discrimination, and investigations related thereto. Requests for Production 8 and 9 call for Defendant to produce documents related to these claims and investigations. Defendant objected to each of these requests as vague, overbroad, unduly burdensome, not reasonably limited in time or scope, not reasonably calculated to lead to the discovery of admissible evidence, and because

---

[1] Many of Plaintiff's interrogatories and requests for production seek information that is confidential in nature, including information related to current and former employees of Fleet. Where Plaintiff has sought such information, Defendant properly interposed an objection on these grounds. Plaintiff maintains its objection in each instance, and respectfully requests that the Court order production of any such information only after the entry of a protective order agreeable to the parties and entered by the Court.

they seek information of a personal or private nature pertaining to current or former Fleet employee or that is from disclosure by the attorney-client privilege and/or the work-product doctrine. See Motion to Strike, Exhibit 1, Interrogatory Answers 4, 5; Exhibit 2, Responses 8, 9.

Plaintiff is a former bank teller for Defendant, and was employed by Fleet from October 2001 through May 2002. Plaintiff's claims of race discrimination concern events that allegedly transpired in her business unit (Fleet's bank branch in Exeter Plaza, Boston, Massachusetts) between October 2001 and May 2002. Plaintiff's requests, however, seek discovery regarding claims of discrimination on a company-wide basis, that go back as far as ten years, without limitation to claims of race discrimination. Plaintiff's Interrogatory No. 4 best reflects the objectionable nature of all of these requests:

> For every one of the past ten years, set forth the name, race, sex, address and job title who [sic] protested against alleged unfair treatment, harassment, discrimination and/or retaliation; provide a summary of every such complaint including the date and the name and job title of the person (s) to whom the complaint/protest was made.

See Motion to Strike, Exhibit 1, Interrogatory 4.

As a general matter, relevancy must be broadly construed at the discovery stage, that is, information is discoverable if there is any possibility it might be relevant to the subject matter of the action. See Whittingham v. Amherst College, 164 F.R.D. 124, 127 (D.Mass. 1995); Gagne v. Reddy, 104 F.R.D. 454, 456 (D.Mass.1984). "[R]elevant information includes any matter that is or may become an issue in the litigation." Witthingham, 164 F.R.D. at 127 quoting Multi-Core, Inc. v. Southern Water Treatment Co., 139 F.R.D. 262, 264 n. 2 (D.Mass.1991) (citing Microwave Research Corp. v. Sanders Assoc., 110 F.R.D. 669, 672 (D.Mass.1986)). However, it is also well settled that:

> [D]iscovery in Title VII cases involving highly individualized claims of discriminatory treatment should be restricted to the practices at issue in the case, applied to employees in similar circumstances to determine if the employer treats all of its employees under those

circumstances in the same manner, or whether it treats employees similarly circumstanced differently and there is some basis for concluding that the difference in treatment is predicated on race, sex or some other grounds of unlawful discrimination.

Suggs v. Capital Cities/ABC, Inc., 122 F.R.D. 430, 431 (S.D.N.Y.1988) (quoting Hardrick v. Legal Services Corp., 96 F.R.D. 617, 619 (D.D.C.1983)).

To establish a claim of disparate treatment, a plaintiff has the burden of showing that she was treated differently from persons situated similarly in all relevant aspects." Smith v. Stratus Computer, 40 F.3d 11, 17 (1st Cir.1994), cert. denied, 514 U.S. 1108, 115 S.Ct. 1958, 131 L.Ed.2d 850 (1995). In disparate treatment cases, discovery will normally be limited to the plaintiff's own employment unit. Whittingham, 164 F.R.D. 124, 127 (D.Mass. 1995); see also Afrow v. Cumberland Farms, Inc., No. Civ. A 951669A, 1996 WL 1185115 at *3, (Mass. Super., April 11, 1996) (limiting plaintiff's overly broad requests for company-wide information regarding other complaints of age or handicap discrimination to those in the location where plaintiff worked).[2] See also Robbins v. Camden City Bd. of Education, 105 F.R.D. 49 (D.N.J.1985). In the case at bar, however, Plaintiff has exceeded the bounds of permissible discovery in seeking information that applies throughout the entire company.

Moreover, Plaintiff's claim places no reasonable limit on the period of time for which she seeks discovery. While Plaintiff worked at Fleet for only about seven months (October 2001 to May 2002), she has not reasonably limited her request to the relevant time period. Rather, she

---

[2] Courts have frequently denied plaintiffs' motions for company-wide discovery in employment discrimination cases. See e.g., Balderston v. Fairbanks Morse Engine Div of Coltec Indus., 328 F.3d 309, 320 (7th Cir. 2001 (affirming denial of discovery about other terminated, laid off and retired employees outside of plaintiff's relevant corporate department); Rubinstein v. Administrators of the Tulane Educ Fund, 218 F.3d 392, 398 (5th Cir. 2000) (affirming denial of university-wide discovery in failure to promote case, even though there was review of departmental decisions by a "school-wide tenure committee"); Sundaram v. Brookhaven Nat'l Lab., Associated Univ., Inc., No. CV-94-2330, 1996 WL 563829, at *1 (E.D.N.Y. Mar. 11, 1996) (limiting discovery to plaintiff's own unit even where plaintiff alleged a "widespread pattern and practice of discrimination"); Rodger v. Electronic Data Sys. Corp., 155 F.R.D. 537, 540 (E.D.N.C. 1994) (denying plaintiff's request for company-wide termination statistics, even where President of company evaluated each division manager's -- including plaintiff's -- decision as to which employees to terminate as part of restructuring); In re Western Dist. Xerox Litig., 140 F.R.D. 264, 271 (W.D.N.Y. 1991) (denying motion to compel company-wide statistical discovery concerning reductions in force).

seeks information ***going back ten years***. It seems incongruous that information from ten, or even five years prior to 2001/2002 is relevant to the claims of an individual that worked only seven months during 2001/2002.

In addition, Plaintiff requests that Defendant provide information regarding anyone who "protested" against Defendant's purportedly unfair practices. While Plaintiff contends information regarding other claims of discrimination may be relevant to the issues in this case, it is difficult to discern the meaning of this request. This request, as written, arguably would require Fleet to identify any "protest" of Fleet's practices, regardless of how informal the nature of the "protest." In other words, Fleet would be required to provide information regarding court cases, and administrative procedures, as well as informal remarks made at any time by any employee throughout the bank criticizing Fleet's practices. Without question, this request far exceeds the boundaries of permissible discovery.

Finally, while plaintiff asserts claims of discrimination based on race, she failed to tailor her requests to other claims of race discrimination. Instead, Plaintiff's poorly worded requests seek information related to gender and, arguably, could be read to require production of all discrimination claims – race, gender, age, disability, or national origin. Clearly, claims other than based on race are not relevant to the issues in this litigation. For these reasons, Plaintiff's Motion to Strike as to Interrogatories 4 and 5, and Requests for Production 8 and 9 should be denied. Rather than require Fleet to respond to these requests as written, the Court should require Plaintiff to tailor the requests so that might reasonably lead to the discovery of admissible evidence.

**B.     Plaintiff's Request for Information Regarding Alternatives to Termination --
Interrogatory No. 8 and Request for Production 14 & 16**

In Interrogatory 8, and Requests for Production 14 and 16, Plaintiff requests information and documents related to "alternatives considered to the termination of Plaintiff", costs associated with such alternatives, and documents related thereto. Fleet objected to these requests, in part, on the basis that they call for the production of information that is not reasonably calculated to lead to the discovery of admissible evidence. If Plaintiff is concerned about whether she was subject to a more harsh form of discipline as a result of her actions, she can pursue other, more appropriate forms of discovery. For instance, in an effort to determine whether she was the subject of disparate treatment, Plaintiff can inquire whether other, similarly situated persons who engaged in similar offenses were treated differently than Plaintiff. How Plaintiff was treated, and how she might have been treated differently, taken alone, has no bearing on this matter.    Fleet also objected to these requests on the grounds that they call for speculation. First, these requests presume that Defendant or its representatives considered any alternative to Plaintiff's termination. They also call for Defendant to speculate regarding what form of termination it would have administered in lieu of termination, and as to the cost of such alternative. For these reasons, the Court should deny Plaintiff's Motion to Strike as to these requests.

**C.     Information Regarding Defendant's Defense of Failure to Mitigate-- Interrogatory
No. 9 and Request for Production No. 19**

In its Answer, Defendants assert the affirmative defense related to Plaintiff's failure to mitigate its damages. Plaintiff propounded an interrogatory (Number 9) and a request for production (Number 19) seeking the basis for this defense, and documents related thereto. Defendants objected to these requests to avoid production of information protected by the

attorney/client and work-product privileges, as the requests arguably seek information which has been acquired or prepared in anticipation of litigation or for trial, or relating to the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of Fleet concerning this litigation. Further, Defendants stated in their responses that they would supplement this specific response as discovery unfolds in this matter, and as the facts surrounding Plaintiff's mitigation efforts become clearer. For these reasons, the Court should deny Plaintiff's Motion to Strike as to these requests.

**D.   The Identity of Fleet's Affirmative Action Officer – Interrogatory No. 10**

Plaintiff's Interrogatory No. 10 makes the following request:

> Set forth the name, address, race and job description of the person(s) who served in the capacity of Affirmative Action Officer of the Bank in the period 1993-2002; giving the qualifications of said person(s) for the position and date of appointment.

Motion to Strike, Exhibit 1, p. 6. In response, Defendants interposed the following objections (in addition to the general objections):

> Fleet objects to this Interrogatory on the grounds that it is overly broad, not reasonably limited in time, and not reasonably calculated to lead to the discovery of admissible evidence.

Id.

Fleet cannot respond to this request on the grounds that it is not clear from Plaintiff's requests what individual or position they are referring to with the term "Affirmative Action Officer." Plaintiff failed to define the term as part of its request. Further, Plaintiff failed to refer to any other resource to enable Defendants to determine the identity of the individual or individuals, if any, referred to by Plaintiff, or the meaning of this term. Without additional information, Defendants cannot adequately respond to these requests. For these reasons, the Court should dismiss Plaintiff's Motion to Strike with respect to these requests.

E. **Information Regarding Fleet Contracts With Government Bodies-- Interrogatory No. 12 and Request for Production 26 & 27**

Plaintiff's Interrogatory Numbers 12, and Requests for Production Numbers 26 and 27 seek information and documents related to contracts Fleet may have with government bodies. For instance, Interrogatory 12 requests the following:

> Describe every contract into which the Bank has entered either with the government of the United States or (sic) with any state government or local government body; giving the monetary value, in U.S. currency of every such contract, the effective dates and a summary of serves which the Bank agreed to provide.

Motion to Strike, Exhibit 1, p. 7.

Defendant objected to these requests on the grounds that they are overly broad, unduly burdensome, not reasonably limited in time or scope, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff maintains that, in performing contracts with governmental agencies or entities, Fleet must comply with its obligations under Title VI to take affirmative action to redress discrimination. Plaintiff maintains further that failure to comply with such obligations may be presented as evidence of discrimination.

Fleet maintains its objections. Plaintiff can establish how this information is in any way relevant to the issues in this case. How Fleet or related entities performed under contracts with governmental entities with respect to Title VI obligations is wholly unrelated to Plaintiff's performance of her duties and responsibilities as a teller at Fleet's Exeter Square branch. Moreover, Plaintiff has not even established that any contract in question related to her branch or her performance.

Plaintiff's request is also unduly burdensome. Fleet and its entities are present in towns, cities and states throughout the United States. It is an entity that, at the time relevant to Plaintiff's claims, employed in excess of 40,000 individuals. The burden on Fleet to attempt to

identify the contracts in question and the individuals involved in these matters far outweighs any probative value related to this information. Finally, Plaintiff fails to cite any authority for the proposition that Fleet's performance under these types of contracts, or non-performance, arguably constitutes evidence of discrimination. For these reasons, the Court should deny Plaintiff's Motion to Strike as to these requests.

### F. Employment and Salary Histories of Kimber Anderson and Brian Gibbs -- Request for Production No. 13

Plaintiff's Interrogatory Number 13 seeks the following:

State the dates(s) on which the Bank first employed Brian Gibbs and Kimber Anderson; their beginning salaries; current salary or last salary of each individual; employment history and business and residential address.

Motion to Strike, Exhibit 1, p. 7.

Defendant objected to this interrogatory because the salary information related to these individuals is irrelevant to Plaintiff's claims as they are not similarly situated to Plaintiff in all material respects. See, e.g., Smith, 40 F.3d at 17. Defendant Anderson was employed by Fleet as a Branch Operations Manager at its Exeter Plaza branch. Defendant Gibbs was employed by Defendant as Branch Manager at the same branch. Plaintiff was a teller and was not, therefore, similarly situated to these individual. Defendant does not object, however, to producing relevant portions of the co-defendant's personnel files, properly redacted, to address Plaintiff's concerns regarding whether either individual was the subject of discipline for any act of discrimination.

### G. Insurance Information -- Interrogatory No. 14 and Request for Production 30 & 31

#### 1. Information Regarding Denial of Coverage.

In Interrogatory 14, Plaintiff requests that Fleet:

Set forth in detail any explanation provided to the Bank by its insurer(s) for refusal or denial of insurance coverage for any judgment (or any part thereof) which may be entered in favor (sic) of the plaintiff in this action; providing the date on which the defendant

- 10 -

made inquiry as to whether the insurer(s) would provide coverage herein and giving the name, address of the person who provided the explanation (on behalf of the insurer(s)) and the date thereof.

Motion to Strike, Exhibit 1, p. 7. Document Request 31 calls for production of documents reflecting any such denial of coverage. Id., Exhibit 2, p. 11.

Defendant objected to this request on the grounds that it calls for speculation and is vague, ambiguous, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Fleet also objected because this interrogatory potentially seeks information protected from disclosure by the attorney-client privilege, and the work-product doctrine. Id., Exhibit 1, p. 7. Fleet maintains these objections, and states further that it is unaware of any applicable insurance agreements that may satisfy part or all of a judgment that may be entered in this action.

### 2.   Information Regarding Insurance Contracts.

In Request for Production 30, Plaintiff requested the following documents:

> Copies of any and all insurance agreements which may be used to satisfy any part of any judgment entered herein in behalf of the plaintiff.

Id., Exhibit 2, p. 10. Fleet withdraws its objections to this request, and states that it is unaware of any applicable insurance agreements that may satisfy part or all of a judgment that may be entered in this action.

### H.   Documents Related to Compensation for Position for which Plaintiff Applied.

In Request for Production 17, Plaintiff makes the following request:

> Documents showing the compensation, including fringe benefits, in U.S. currency, of the position for which plaintiff applied and for which she was rejected.

PRV_079141 L/GKOSTAKOS

Id., Exhibit 2, p. 10. Requests for Production 28 and 29 are similar, and seek documents showing the qualifications for the position for which plaintiff applied, and the qualifications of the successful applicant. Id.; see also Motion to Strike, p. 6.

Defendant objected to each of these request on the same grounds: they are vague, ambiguous, and fail to identify documents, or categories of documents, with reasonable particularity. Specifically, Defendant cannot adequately respond to this request without additional information, including the position to which Plaintiff refers, the date she allegedly applied for the position, and the type of documents Plaintiff seeks. The Court should deny Plaintiff's motion in with respect to these requests, and order Plaintiff to sufficiently tailor its request so that it is reasonably calculated to lead to the discovery of admissible evidence.

### I.    Documents Showing Current Compensation.

In Request for Production No. 18, Plaintiff makes the following request:

> Documents showing the current compensation and the value of the fringe benefits associated with the position which plaintiff last held with the Bank.

Id. Exhibit 2, p. 7. Defendant objected on the basis that the request is vague and ambiguous, and fails to identify, or categories of documents, with reasonable particularity. Plaintiff's last position with the Bank was as a teller in the Exeter Square branch. Plaintiff's request does not specifically identify the types of documents she requests, nor whether she requests information regarding the range of pay potentially available to an individual similarly situated to Plaintiff, including with respect to branch location, level of experience, and grade level. For these reasons, the Court should deny Plaintiff's request with respect to these requests.

### J.    Information Regarding Violations of Policy

In Request for Production 22, Plaintiff requests the following:

> Documents showing all rule violations committed by every employee at the Bank's Exeter Plaza Branch in 2001 and 2002.

Id., Exhibit 2, p. 5. Defendant objected to this request for the same reasons it objected to Plaintiff's Interrogatory Numbers 4 and 5, and Requests for Production 8 and 9: the requests are vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's requests are problematic because she seeks information regarding individuals other than similarly situated bank tellers, and about policy violations similar to those for which Plaintiff was terminated (excessive teller overages; unauthorized absence from work during probation period).

As currently worded, Plaintiff's request arguably applies to all individuals in the branch, from the maintenance staff up to the branch manager. It also would encompass any violation of policy committed by any of these individuals. Clearly, this type of information is irrelevant to Plaintiff's claims. The Court should deny Plaintiff's Motion to Strike. In the alternative, the Court should direct Plaintiff to tailor the request to be less vague or burdensome, and to be more

reasonably calculated to lead to the discovery of admissible evidence.

## CONCLUSION

For the foregoing reasons, Fleet National Bank respectfully requests that the Court deny Plaintiff's Motion to Strike.

FLEET NATIONAL BANK

By their attorneys,

*/s/ George P. Kostakos*
George P. Kostakos
BBO No. 557919
Melanie L. Glickson
BBO No. 652565
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200

101 Federal Street
Boston, MA 02110
(617) 439-4444

Dated: March 31, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of September 2004, a copy of the foregoing document was served upon the following counsel of record for the parties via facsimile and first class mail:

Winston Kendall, Esq.
Law Office of Winston Kendall
136 Warren Street
Roxbury, MA 02119

*/s/ George P. Kostakos*
George P. Kostakos

- 14 -

PRV 679141 1/GKOSTAKOS