UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JACQUELINE LASSITER,<br><br>                Plaintiff,<br><br>v.<br><br>KIMBER ANDERSON, BRIAN GIBBS,<br>FLEET BANK<br><br>                Defendants. | Civil Action No. 04-cv-10550-WGY |

## STATEMENT OF MATERIAL FACTS AND MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

### INTRODUCTION

    Defendants Kimber Anderson ("Anderson"), Brian Gibbs ("Gibbs"), and Fleet National Bank ("Fleet") (Anderson, Gibbs, and Fleet are hereinafter sometimes collectively referred to as "Defendants") have moved pursuant to Federal Rule of Civil Procedure 56 for partial summary judgment as to plaintiff's claims alleged in Count I, paragraph 36(e) for violation of 42 U.S.C. §§ 1985 and 1986 for conspiracy to violate her civil rights.

    Jacqueline Lassiter ("Plaintiff" or "Lassiter") claims that she was subjected to race discrimination in her former part-time employment as a teller with Fleet and that two individuals conspired to subject her to discrimination. Specifically, Plaintiff alleges that her branch manager, Anderson, and the branch operations manager, Gibbs, "did conspire to cause her to be subjected to unlawful discrimination and retaliation and omitted to take reasonable measures to correct same or bring the discrimination and retaliation to an end." Plaintiff's Verified Complaint ¶ 31. This allegation and the elements necessary to establish such a conspiracy are

not supported by any evidence in the record, and therefore, Plaintiff's claims under 42 U.S.C. §§ 1985 and 1986 fail as a matter of law.

**STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1**

1. Plaintiff was employed as a teller for Fleet at its Exeter Plaza branch for approximately seven months, from October 10, 2001, through May 17, 2002. Exhibit A, Verified Complaint, ¶¶ 8 and 28.

2. At all relevant times, Fleet was a corporation that did business under the laws of the Commonwealth of Massachusetts, with a principal place of business in Boston, Massachusetts, and was a governmental entity. Id., ¶ 4; Exhibit B, Affidavit of Elizabeth Pryor, ¶¶ 3-6.

3. During her employment, Plaintiff was criticized for her performance in the areas of attendance and excessive teller differences. Exhibit A, ¶¶ 16 and 28.

4. Plaintiff complains that she was discriminated against because of her race when her request not to work on Saturdays was denied and when she alleges one teller overage was attributed to her, rather than a co-worker. Id., ¶¶ 14 and 22.

5. While Plaintiff complains that she was unfairly criticized, she does not allege that any references to her race were made by Anderson or Gibbs in relation to these criticisms and instead relies solely on her allegations that one white employee teller was allowed to have a schedule that did not include Saturday work and that the one teller overage attributed to her should have been attributed to a white employee instead. Id. ¶¶ 11-17.

6. Beginning in December 2001 and at all relevant times thereafter, Kimber Anderson was the branch operations manager at Fleet's Exeter Plaza branch. Id. ¶ 2; Exhibit C, Affidavit of Brian Gibbs, ¶ 3.

7. At all relevant times, Brian Gibbs was the branch manager for Fleet's Exeter Plaza branch.  Exhibit A, ¶ 3; Exhibit C, ¶ 2.

**8.** At all relevant times, Anderson and Gibbs acted within the scope of their employments with Fleet during their supervision of Plaintiff and her performance in the position of teller with Fleet.   Exhibit C, ¶¶ 4 – 8.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if all pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  In employment discrimination cases, summary judgment may be appropriate if the nonmoving party relies "upon conclusory allegations, improbable inferences, and unsupported speculation" as to any essential element of her claim.  Byrd v. Ronayne, 61 F.3d 1026, 1030 (1st Cir. 1995)(quoting Medina-Munoz v. R.J. Reynold Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

## LEGAL ARGUMENT

I. **Plaintiff Cannot Present Any Evidence Of A Conspiracy Between Anderson And Gibbs To Violate Her Civil Rights**

Defendants Anderson and Gibbs are entitled to summary judgment on Plaintiff's claims against them for violation of 42 U.S.C. §§1985-1986 because Plaintiff cannot prove any set of facts upon which a reasonable fact finder could conclude such a violation.   In order to prevail on a claim for conspiracy under §1985, Plaintiff must present the fact finder with evidence that establishes (1) a conspiracy, (2) a conspiratorial purpose to deprive a person, directly or indirectly, of the equal protection of the laws or of equal privileges and immunities under the laws, (3) an overt act in furtherance of the conspiracy, and (4) either an injury to person or

property, or a deprivation of a constitutionally protected right or privilege. Ahmed v. Berkshire Medical Center, Inc., 1998 WL 157016 *9, No. 94-30250-FHF, (D.Mass., Mar. 31, 1998); Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). In addition, the First Circuit requires that Plaintiff show that the conspiratorial conduct was propelled by, "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996).

In order to present sufficient evidence from which she could prevail on such claims, Plaintiff must allege the elements of conspiracy with particularity, and must offer specific facts that strongly suggest an agreement existed among the alleged actors to commit a wrongful act motivated by racial animus. See Schmitz v. Mars, Inc., 261 F.Supp.2d 1226 (D.Or. 2003) (to state a conspiracy claim under federal civil rights statute, plaintiff must plead specific material facts that show existence of conspiracy); Clark v. Maryland Dept. of Public Safety and Correctional Services, 247 F.Supp.2d 773 (D.Md. 2003) (failure of former employee to allege facts tending to show agreement on the part of other employees to violate his constitutional rights precluded claim of civil conspiracy); Soto v. Shembri, 960 F.Supp. 751 (S.D.N.Y. 1997) (granting defendant's motion to dismiss plaintiffs' §1985 claim since plaintiffs did not allege racial or class-based animus or the elements of conspiracy with particularity); Rogers v. Mount Union Borough, 816 F.Supp. 308 (M.D.Pa. 1993) (claims under §1985 must be pled with factual specificity; mere conclusory allegations that conspiracy existed will not survive motion to dismiss); Hurt v. Philadelphia Housing Authority, 806 F.Supp. 515 (E.D.Pa. 1992) (specificity required for pleading civil rights conspiracy obligates plaintiffs to allege specific conduct violating plaintiffs' rights, time and place of that conduct, and identity of responsible parties).

Here, the evidence established by Plaintiff falls far short of the requirements under the statute. Plaintiff has not produced any evidence to reasonably support a finding of racial animus in the decision to terminate her employment and rests her entire claim on her own conclusory allegations and speculation that because she is an African American citizen of the United States and because she was terminated, there must have been a conspiracy to discriminate against her on the basis of her race.  In her Verified Complaint, Plaintiff asserts only that the individual defendants "did conspire to cause her to be subjected to unlawful discrimination and retaliation and omitted to take reasonable measures to correct same or bring the discrimination and retaliation to an end."  Verified Complaint, ¶ 31.  Plaintiff does not offer any direct evidence of discriminatory motive by Anderson and Gibbs, any evidence of any agreement between Anderson and Gibbs to engage in such concerted acts of discrimination, or even any instances or means of communication between Anderson and Gibbs by which they could have come to such an agreement.  See Ahmed v. Berkshire Medical Center, Inc., 1998 WL 157016 at *9 (granting summary judgment for defendant for failure to present any evidence of concerted activity and means of communication such agreement).

**II.     Even If Plaintiff Could Present Evidence Of Racial Motivation By Anderson And Gibbs, Two Employees Of The Same Corporation, Acting Within The Scope Of Their Employment Cannot Conspire Under Section 1985.**

Corporations and their employees acting within the scope of their employment are regarded as a single entity under the law and therefore cannot conspire with eachother to discriminate.  See Johnson v. Hills & Dales General Hospital, 40 F.3d 837 (6th Cir. 1994) cert. denied 115 S.Ct. 1698.  Here, Plaintiff does not allege any discriminatory acts by Anderson and Gibbs outside of the scope of their employments with Fleet.  Indeed, the discrimination Plaintiff complains of occurred wholly within the context of Plaintiff's

employment and the supervisory roles of Anderson and Gibbs with Fleet. Because Anderson and Gibbs were acting within the scope of their employment with the corporate defendant, Fleet, they are not separate "persons," apart from Fleet, within the meaning of Section 1985, and their decisions concerning Plaintiff's employment are essentially a single act by a single entity, rather than a conspiracy between different persons. See McPartland v. American Broadcasting Companies, Inc., 623 F.Supp. 1334 (S.D.N.Y. 1985) (granting summary judgment on Section 1985 claim where allegedly discriminatory business decision was the collective judgment of agents of the same business entity and was thus essentially a single act of discrimination by a single entity). Therefore, Plaintiff cannot demonstrate a conspiracy as necessary under Section 1985.

### III.  Because Plaintiff Cannot Produce Sufficient Evidence To Establish A Violation of Section 1985, Her Claim Under Section 1986 Must Fail, Too.

Section 1985 allows a plaintiff to bring a cause of action for conspiracy to deprive her of a constitutional or federal right. 42 U.S.C. §1985. Section 1986 provides that anyone with knowledge of a conspiracy that would violate §1985 is liable as a conspirator if he has the power to prevent it and fails to do so. 42 U.S.C. §1986. Consequently, it follows that Plaintiff's claim under §1986 must also be dismissed. See e.g, Dooley v. Reiss, 736 F.2d 1392 (9th Cir. 1392), *cert. denied* 469 U.S. 1038, 105 S.Ct. 518, 83 L.Ed.2d. 407 (because plaintiffs failed to state a claim under §1985, claim under §1986 was subject to dismissal).

**CONCLUSION**

WHEREFORE, Defendants respectfully request this Court dismiss Plaintiff's claims under 42 U.S.C. §§1985-1986 with prejudice.

                        **KIMBER ANDERSON,
BRIAN GIBBS, AND
FLEET NATIONAL BANK**

                        By their attorneys,

                        /s/  Siobhan M. Sweeney
                        George P. Kostakos
                        BBO No. 557919
                        Edwards & Angell, LLP
                        2800 Financial Plaza
                        Providence, RI 02903
                        (401) 274-9200

                        Siobhan M. Sweeney
                        BBO No. 562118
                        Edwards & Angell, LLP
                        101 Federal Street
                        Boston, MA 02110
                        (617) 439-4444

Dated: November 30, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November, 2004, a copy of the foregoing document was served upon the following counsel of record for the parties via CM/ECF electronic mail and first class mail:

Winston Kendall, Esq.
Law Office of Winston Kendall
136 Warren Street
Roxbury, MA  02119

                                                /s/  Siobhan M. Sweeney
                                                Siobhan M. Sweeney

## CERTIFICATE PURSUANT TO L.R. 7.1

I hereby certify that on this 30th day of November, 2004, I have conferred by telephone with counsel for Plaintiff, Winston Kendall, Esq. Of 136 Warren Street, Roxbury, MA with a view to narrowing the issues raised by this motion.

                                                s/ Siobhan M. Sweeney
                                                Siobhan M. Sweeney