# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 04-0613 C

Jacqueline Lassiter, Plaintiff(s)

v.

Fleet Bank, Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon **W. Kendall** plaintiff's attorney, whose address is **136 Warren St., Roxbury, Ma. 02119**, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the **eleventh** day of **February**, in the year of our Lord two thousand **and four**.

*Michael Joseph Donovan*
Clerk/Magistrate

A true copy Attest:
3/1/04
Deputy Sheriff Suffolk County

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

COMMONWEALTH OF MASSACHUSETTS
SUFFOLK, SS                                    SUPERIOR COURT
                                               C.A.#

JACQUELINE LASSITER                    VERIFIED COMPLAINT

v.

KIMBER ANDERSON,
BRIAN GIBBS
FLEET BANK

1. Plaintiff, Jacqueline Lassiter, is a female African American citizen of the United States and a member of the protected class. Plaintiff resides at 22 Frontenac Street, Boston, Suffolk County, Massachusetts.

2. Defendant Kimber Anderson is a white female citizen of the United States whose address is unknown to the plaintiff. Plaintiff will seek leave to amend the complaint to set forth the residential address of the defendant when she learns of same during the discovery process herein. At all times relevant to this action, defendant Anderson was employed by defendant Fleet Bank as Manager, at Fleet Bank, Exeter Plaza, Boston, Massachusetts.

3. Defendant Brian Gibbs is a white male citizen of the United States whose residential address is unknown to plaintiff. Plaintiff will seek leave to amend the complaint to set forth the residential address of the defendant when she obtains same through the process of discovery herein. At all times relevant to this action, defendant Gibbs was employed by defendant Fleet Bank as Branch Operations Manager of Fleet Bank at Exeter Plaza, Boston, Massachusetts.

4. Defendant Fleet Bank, upon information and belief, is a corporate entity which does business under the laws of the Commonwealth of Massachusetts and maintains its headquarters at 100 Federal Street, Boston, Suffolk County, Massachusetts.

1

5. Defendant Fleet Bank (hereinafter referred to as "Fleet" or as "the Bank") has promulgated an Employee Handbook, copies of which are distributed to employees at the beginning of the term of employment.

6. The said Handbook contains a section labelled EQUAL EMPLOYMENT OPPORTUNITY POLICY/AFFIRMATIVE ACTION in which the Bank has pledged its commitment to furthering the objectives of equal employment opportunity and affirmative action. The Bank has also affirmed in the very section, that it expected its managers and employees to be active partners in the effort to support, in word and deed, the spirit and principles of equal employment opportunity and affirmative action.

7. The representations made by the Bank with regard to its adherence to equal employment opportunity and affirmative action in its employment practices and selection policies, as set forth in the Employee Handbook, were sufficient to form the terms of a contract between the plaintiff and the Bank.

8. The plaintiff, in commencing her employment with the Bank, as a Teller, on or about 10th.October, '01, at the Exeter Plaza Branch and in remaining in such employment, relied upon the Bank's representations relative to its equal employment opportunity practices. Plaintiff was seeking long term employment with the Bank and anticipated promotions within its hierarchy.

9. The plaintiff was qualified for the employment and adequately performed her duties.

10. The Employee Handbook describes a Flexible Work Policy by which an employee could elect to work staggered hours.

11. Plaintiff informed her supervisors, including the defendant Gibbs, on or about 23rd.March, '02 that she intended to avail herself of the flexible work schedule, and that she did not wish to work on Saturdays.

12. Plaintiff, simultaneously notified Brian Gibbs that she was aware that an exception had been made to the requirement that employees work on Saturdays. Plaintiff suggested to Gibbs that she be permitted to work

Monday through Thursday, six hours per day and the entire shift on Friday.

13. White employees of the Bank were able to take advantage of the flexible work schedule policy.

14. Defendant Gibbs, even though he had the power to approve the plaintiff's request, as set forth in paragraph 12, discriminatorily, refused to approve same.

15. Defendant Anderson took exception, invidiously and because of the plaintiff's race and colour, over the plaintiff's use of the flexible time option.

16. Defendant Anderson claimed that the plaintiff had been responsible for "excessive" teller differences and made notation of these lapses on plaintiff's record.

17. Plaintiff is informed, believes and avers that at least one, and perhaps more, of the alleged teller differences should have been charged to a co-worker, Nelson Velez, a white male.

18. Plaintiff was informed that defendant Anderson had instructed that the teller differences for which Velez was responsible, should be charged to plaintiff.

19. The Employee Handbook contains a section labelled EMPLOYEE ISSUE RESOLUTION PROCESS (EIRP). The language of the section indicates that the Bank established the EIRP to provide a medium through which employees could resolve work related issues, including but not limited to those involving working conditions, disciplinary treatment, harassment and discrimination.

20. The Bank also affirmed that the EIRP was designed to ensure that the employee would not encounter reprisal, criticism or negative consequences on account of having resorted to its mechanism.

21. In Step One of the EIRP, the employee is encouraged to first seek to resolve her/his concerns, problems or questions with her/his immediate manager.

3

22. Plaintiff, consistent with the provisions of the EIRP, and after learning that she had been charged with the mistakes of Nelson Velez, approached defendant Anderson to discuss with her, the reasons for this discriminatory action and did, indeed, tell Anderson that her orders and actions were discriminatory.

23. Anderson refused to engage in discussion in an open minded fashion and in fact, became belligerent toward the plaintiff, raised her voice at the plaintiff, and summarily ordered plaintiff to return to her work station.

24. Plaintiff did inform defendant Gibbs that she believed that Anderson was retaliating against her because plaintiff had learned of Anderson's discriminatory action and had shouted at plaintiff.

25. Plaintiff as part of her quest for a promotion, did interview for a different position at another location.

26. Even though plaintiff was qualified for the position sought, the Bank, discriminatorily and retaliation for her opposition to the discriminatory actions of defendant Anderson, declined to offer the position to plaintiff.

27. The "Final Warning" given to plaintiff by the defendant Gibbs on or about 13th April, '02, was based in part on the discriminatorily charged (to the plaintiff) teller overages upon the orders of defendant Anderson.

28. The individual defendants, participated in the decision leading to the termination of plaintiff from employment with the Bank, on or about 17th May, '02, relying in part on her alleged violation of the Bank's policy with regard to Attendance and Punctuality as well as on excessive teller overages.

29. A fair reading of the record indicates that the said Policy permitted up to eight absences within a twelve month period, that the plaintiff had been charged with five absences during a twelve month period- and that therefore she had not violated the Policy.

30. The rationale offered by the defendants and all of them for the involuntary termination of the plaintiff, was pretext for unlawful discrimination and was in retaliation for the plaintiff's opposition to and

4

protest against discriminatory practices of the defendants. The termination was in violation of the provisions of the Employee Handbook, since it constituted, inter alia, violations of the promise that the Bank would not subject to reprisal or negative consequences, those employees who resorted to the EIRP and of the Bank's promise that it would observe fair employment practices and affirmative action.

31. The defendants Anderson and Gibbs even though they were aware of the plaintiff's right to be free from discrimination in the terms and conditions of employment, including the right to obtain promotion, hours of work and discipline, nonetheless, did conspire to cause her to be subjected to unlawful discrimination and retaliation and omitted to take reasonable measures to correct same or bring the discrimination and retaliation to an end. In furtherance of their conspiracy, the defendants did cause plaintiff to suffer injury to her person and property, because of her race and colour.

32. The defendants and all of them terminated the plaintiff under circumstances which give rise to an inference of unlawful discrimination and retaliation.

33. All conditions precedent to the institution of this action have occurred and have been fulfilled.

34. As a direct and proximate result of the foregoing, plaintiff has suffered pain in body and mind, has been prevented from transacting her business and has been otherwise damage.

CLAIMS FOR RELIEF

COUNT 1:

35. Plaintiff re-alleges and re-avers all of the averments of paragraphs 1 through 34 with the same force and effect as if fully set forth herein.

36. By reason of the foregoing, the individual defendants, Kimber Anderson and Brian Gibbs, have:
    a. Violated plaintiff's rights under G.L.c.151B(4).
    b. Violated plaintiff's rights under G.L.c.151B(4)(4).

5

   c. Violated plaintiff's rights under 42 USC S.1981.

   d. Interfered with plaintiff's contract of employment with Fleet Bank.

   e. Violated the provisions of 42 USC S.1985 and 42 USC S.1986.

COUNT 2:

37. Plaintiff re-alleges and re-avers all of the averments of paragraphs 1 through 34, with the same force and effect as if fully set forth herein.

38. By reason of the foregoing, defendant Fleet Bank has:

   a. Violated plaintiff's rights under G.L.c.151B(4).

   b. Violated plaintiff's rights under G.L.c.151B(4)(4).

   c. Violated plaintiff's rights under 42 USC S.1981

   d. Violated plaintiff's rights under Title VII.

   e. Violated plaintiff's rights under 42 USC S2000e-3(a).

WHEREFORE, plaintiff prays that this Court:

1. Award compensatory damages to plaintiff.
2. Order the defendants to reinstate plaintiff.
3. Award costs and reasonable attorney's fees.
4. Impose punitive damages.
5. Grant such other relief as may be equitable and appropriate.

Plaintiff,
By her Attorney,

W. Kendall
BBO #267480
136 Warren Street
Roxbury, Ma. 02119
(617) 442-6130

COMMONWEALTH OF MASSACHUSETTS)
SUFFOLK, SS                                               )

6

I, Jacqueline Lassiter, being sworn, depose and say that I am the plaintiff in this action, that I have read the averments of the Complaint and that the same are true.

*Jacqueline Lassiter*

Dated: 31st. January, '04