UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
C.A.#04-10550-WGY

JACQUELINE LASSITER

AFFIDAVIT IN SUPPORT OF
v.                                          RULE 56(f) MOTION

KIMBER ANDERSON ET AL.

I, W.Kendall, depose and say that:

1. I am counsel for plaintiff.
2. In the course of preparation of the plaintiff's case, it came to light that plaintiff had spoken by telephone with a certain Pam, whose last name plaintiff's believes is "Menaud", about some Teller differences which plaintiff believed had been incorrectly charged to plaintiff.
3. The name "Pam" was provided to the plaintiff by a supervisor, "Anne" who worked at the Copley Branch of Fleet Bank, while plaintiff was working at that location on a temporary basis.
4. Plaintiff had explained to Anne that she believed that she was being improperly charged with another Teller's deficiencies and sought her help in this regard.
5. It was Anne who suggested to plaintiff, that she telephone Pam, who she said would be able to help her.
6. Plaintiff did telephone Pam, explained the reason for the call and provided her Teller identification number.
7. Pam told the plaintiff that defendant Kimber Anderson, a supervisory official at the Exeter Plaza Branch, at which plaintiff worked, had instructed that certain Teller difference(s) which were the responsibility of Nelson Velez, a co-worker of plaintiff's at Exeter Plaza, should be charged to plaintiff.
8. Both defendant Anderson and Nelson Velez are white.
9. Defendants Anderson, Gibbs and the Bank, relied on alleged Teller differences by the plaintiff, as part of the basis for her termination.
10. On 22nd.November, '04, we wrote to M.Glickson, esq., Edwards, Angell, counsel for defendants; requested the names and addresses of Pam Menaud, Kayan Kerr and Mark Averill and permission to interview them.
11. The plaintiff has indicated that Kayan Kerr and Mark Averill were co-workers at Exeter Plaza and knew of the practice at that Branch of workers telephoning the Branch to indicate that they would be late or absent and that anyone who took the telephone message was supposed to notify the supervisor in charge of the Branch at that time.

12. The defendants advanced as one of the reasons for the termination, plaintiff's failure to report to work on 11th.May, '02.
13. Therefore, the said Kayan Kerr and Mark Averill could provide information that plaintiff did telephone the Branch on 11th.May, '02 indicated in the call that she would be absent and requested that the person who took the call should notify the supervisor in charge on that date.
14. Attorney Glickson did not respond to our request, as set forth in the letter of 22nd.November, '04, for permission to interview the named individuals.
15. On 2nd.December, '04, we spoke by telephone with S.Sweeney, esq., counsel for defendants and renewed our request for permission to interview the prospective witnesses, named above and sent a letter, on the same date, memorializing our conversation on this and other discovery issues. We did indicate in the writing that we were anxious to interview these prospective witnesses, with the permission of defense counsel.
16. As of this date, defense counsel has not notified us as to whether any of the prospective witnesses, is, in fact, employed by the Bank; provided us with her/his address and telephone number nor granted us permission to interview any of them.
17. The testimony of all of these individuals and especially of Pam Menaud is of great relevance to plaintiff's claim that Anderson subjected her to racial discrimination, harassment and retaliation when she ordered that the mistakes (Teller differences) of a white male, Nelson Velez, be attributed to plaintiff and instigated plaintiff's termination because plaintiff opposed her discriminatory and harassing conduct.
18. Plaintiff did notify defendant Gibbs of Anderson's discriminatory and retaliatory conduct, as set forth **supra.** However, Gibbs told plaintiff that he agreed with the termination. Thus, if Pam Menaud confirms, after being interviewed or deposed by plaintiff, that, in fact, Anderson did instruct that Velez' Teller differences be attributed to plaintiff, it would be evidence relevant to the discriminatory and retaliatory motivation, of the defendants, for the termination of plaintiff and proof that the rationale proffered is pretext for discrimination and retaliation.
19. Plaintiff therefore is unable to respond fully to the defendants' Motion For Summary Judgment-with regard to the Conspiracy claims, until she has had the opportunity to interview or depose the named, prospective witnesses.
20. Plaintiff conducted a deposition of the defendant Gibbs on 10th.December, '04 but was unable to conclude same. The examination is supposed to be continued on 6th.January, '05, the first date which was convenient for the defendant Gibbs, defense counsel and plaintiff.

21. Plaintiff expects to obtain through the deposition of Gibbs, information tending to show that he knew that Anderson was subjecting plaintiff to racial discrimination, harassment and retaliation and not only did not attempt to put such invidious treatment to an end, but, in fact, participated in it.
22. The Affirmative Action Policy Statement and provisions of the Employee Handbook of the Bank, copies of which are annexed to and incorporated with the Plaintiff's Affidavit In Support of Opposition to Defendants' Motion For Summary Judgment, posit that supervisory officials, such as defendants Gibbs and Anderson," ... are expected to maintain positive and productive work environments, free of harassment or discrimination".
23. It is reasonably expected that the transcript of the deposition of Gibbs, when it becomes available at the completion of the examination, will show that he did not comply with the mandates of the Affirmative Action Policy Statement. Plaintiff would proffer excerpts from the deposition transcript to bolster her Opposition to the defendants' instant Motion For Summary Judgment.
24. Plaintiff has also served a Rule 30(b)(6) Notice of Deposition on the corporate employer Fleet Bank, for 15th.December, '04. However, defense counsel has indicated that the defendant would be unable to produce witness(es) for that date. Accordingly, that deposition has to be re-scheduled, for a date mutually convenient for the parties.
25. On 19th.November, '04, plaintiff served a second Set of Interrogatories and Second Request For Production on Fleet Bank. Plaintiff has not yet received Responses. Copies of those Requests are annexed as Exhibits E and F. The plaintiff is seeking, inter alia, Teller Tapes pertinent to the alleged Teller differences of plaintiff; documents, including Teller Tapes, which would refute plaintiff's allegations and information relative to the location of the Teller Tapes or an explanation as to the reasons for their non-availability, if, in fact, the defendants state that such documents, including Teller Tapes, are unavailable.
26. Plaintiff also relies on the facts of the Verified Complaint, on file in this action.

_____
W.Kendall

Dated: 13th.December, '04

## WINSTON KENDALL
ATTORNEY AT LAW

WINSTON D. KENDALL

136 WARREN STREET
ROXBURY, MASSACHUSETTS 02119
(617) 442-6130

19th. November, '04

M. Glickson, esq.
Edwards, Angell
2800 Financial Plaza
Providence, R.I.

Re: C.A.#04-10550-WGY
    Lassiter v. Anderson et al.

Dear Attorney Glickson:

    Enclosed, please find plaintiff's Second Set Of Interrogatories and Request For Production to defendant Fleet Bank.

    Thank you.

Sincerely,

W. Kendall

enclosures

Exhibit E

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
C.A. #04-10550-WGY

JACQUELINE LASSITER

v.

KIMBER ANDERSON ET AL.

PLAINTIFF'S SECOND SET OF
INTERROGATORIES TO
DEFENDANT FLEET BANK

1. State the name, address; job title and name of employer of every person who was interviewed by defendant or in its behalf with respect to the allegations set forth in the Complaint on file in this action; the substance of the information which was provided by every such person who was interviewed and the date and place of the interview(s).

2. Describe in detail, all documents which show every discrete instance in which plaintiff was responsible for "teller shortages" or/and "teller differences", including but not limited to the date and amount of every one of same.

3. Describe in detail, all documents which show discussions between any supervisory official of the defendant and the plaintiff with regard to "Teller Performance Standards", including the date and time and the name of every person who was present.

4. Describe in detail the defendant's Bank policy or practice with regard to the retention of teller tapes, including but not limited to any regulation (federal and/or state) which governs such retention, the length of the period of retention and the job title of the person responsible for the retention of same.

5. Identify in as much detail as possible, any document, including but not limited to teller tapes, which refute the plaintiff's contention, as set forth in the allegations of the Complaint on file in this action, that at least one and perhaps more, of the teller differences charged to the plaintiff should have been charged to a co-worker, Nelson Velez, a white male.

6. Give the name; address; name of employer; job title and duties of every person

who will refute the allegation set forth in the Complaint filed herein, that the defendant Anderson had instructed that the teller differences for which Velez was responsible, should be charged to plaintiff; including a summary of the expected testimony on this issue.

7. For every discussion, between the period of $31^{st.March}$, '02 and $17^{th.May}$, '02, had between and/or among supervisory officials of the defendant, relative to possible disciplinary action to be taken against the plaintiff; set forth the date; time and place of every discrete instance of such discussions; the substance; and name, address and job title of every person present.

By her Attorney,

W. Kendall
136 Warren Street
Roxbury, Ma. 02119
(617) 442-6130

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
C.A. #04-10550-WGY

JACQUELINE LASSITER

v.

KIMBER ANDERSON ET AL.

PLAINTIFF'S SECOND REQUEST
FOR PRODUCTION TO
DEFENDANT FLEET BANK

Pursuant to R.34, FRCP, plaintiff requests that defendant Fleet Bank produce:

1. Documents showing substance of all interviews between defendant or persons acting in its behalf and any person relative to any of the allegations in the Complaint on file in this action ("hereinafter referred to as the "Complaint").

2. Teller tapes which show every instance of teller differences attributed to plaintiff in the course of her employment with defendant.

3. Documents which refute plaintiff's allegation, as set forth in the Complaint, that teller differences of Nelson Velez were attributed to plaintiff.

4. Documents showing the policy or practice with regard to the retention of teller tapes.

5. Documents which explain the reasons for the unavailability of teller tapes to refute plaintiff's allegations that teller differences of Nelson Velez were attributed to plaintiff.

By her Attorney,

*/s/ W. Kendall*

W. Kendall
136 Warren Street
Roxbury, Ma. 02119
(617) 442-6130

CERTIFICATE OF SERVICE

I, W.Kendall, counsel for plaintiff, hereby certify that on 19th November, '04, I made service of the foregoing Plaintiff's Second Set of Interrogatories and Second Request For Production of Documents to defendant Fleet Bank, first class mail, postage pre-paid on M.Glickson, esq., Edwards, Angell, 2800 Financial Plaza, Providence, RiI. 02903.

W.Kendall