UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JACQUELINE LASSITER,

    Plaintiff,

v.                                                                       CA No. 04-10550-WGY

KIMBER ANDERSON, ET AL.,

    Defendants.

**DEFENDANTS' PRETRIAL MEMORANDUM**

Pursuant to Local Rule 16.5, Defendants Fleet National Bank ("Fleet"), Brian Gibbs ("Gibbs") and Kimber Anderson ("Anderson") submit this pretrial memorandum.[1]

**(1) Concise Summary Of Evidence That Will Be Offered By The Parties**

    **(b) Defendants' Evidence**

        **(i) Liability**

1. Defendants expect the evidence in this employment discrimination case to show that Plaintiff was terminated on May 21, 2002, after she failed to report for work on May 18, 2002, that this absence was her sixth sick day in only 7 months of employment and it occurred while she was on a final written warning for three areas of performance deficiency, including tardiness and absenteeism.

2. Defendants expect the evidence to show that Plaintiff began her employment as a full time Teller with Fleet on or around October 10, 2001, that she underwent mandatory human

---

[1] Defendants' counsel attempted to confer with plaintiff's counsel regarding preparation of this memorandum in a joint format. On January 21, 2005, Plaintiff's counsel indicated that he would be unable to participate in preparation of a joint memorandum and would submit Plaintiff's memorandum on January 24, 2005 and provide a copy to Defendants' counsel at that time. Therefore, this memorandum is submitted on behalf of defendants only. Defendants reserve any right and opportunity to supplement and/or amend this memorandum within reasonable time after counsel's receipt of plaintiff's submission.

resources orientation in which she received Fleet's employee policies, including its policies related to discrimination and harassment and information about how to contact employee relations with problems or concerns, and hat she underwent Teller training in which she received training concerning her duties and responsibilities as a Teller, including her responsibilities for accuracy and requirements of the Bank Secrecy Act.

3. Defendants expect the evidence to show that Plaintiff was hired to work at Fleet's Exeter Plaza branch as a full time Teller and that she began her assignment there following her training.

4. Defendants expect the evidence to show that in January 2002, Plaintiff requested a part time schedule and that Fleet and its branch manager, Gibbs, permitted Plaintiff to reduce her hours.

5. Defendants expect the evidence to show that, as a general rule, part time Tellers of the Exeter Plaza branch were required to work on Saturday and that full time Tellers worked Saturdays on a rotating schedule.

6. Defendants expect the evidence to show that Plaintiff's performance, both as a full time employee and a part time employee was not meeting Fleet's objective and clearly-articulated expectations in the areas of teller differences, Bank Secrecy Act compliance, and attendance and punctuality.

7. Defendants expect the evidence to show that Plaintiff received written warnings or counsels for her performance in the area of teller differences and Bank Secrecy Act violations on March 12, 2002. Defendants expect the evidence to show that Plaintiff acknowledge receipt of these warnings by signing the documents.

8. Defendants expect the evidence to show that prior to April 13, 2002, Gibbs gave Plaintiff permission to post or apply for the position of Training Specialist II. Defendants expect the

evidence to show that Fleet had a policy that employees could not seek transfer within the company until they had at least 12 months of service, unless they received their manager's approval. Defendant expects the evidence to show that with Gibb's approval, Plaintiff posted for the Training Specialist II position, was interviewed for such position, but did not receive an offer.

9. Defendants expect the evidence to show that on April 13, 2002, Plaintiff received a 90-day final counsel warning for her performance in the areas of teller differences, Bank Secrecy Act violations and for excessive tardiness and absenteeism. Defendants expect to show that Plaintiff acknowledged receipt of this final written warning by refusing to sign the document and submitting a written statement to Gibbs and Anderson to the effect that she would investigate the allegations and inform her managers of her position at a later date.

10. Defendants expect the evidence to show that after placing Plaintiff on her 90-day final counsel warning, Defendants expected her performance to improve and that she would not be tardy for or absent from work on scheduled days, without approval.

11. Defendants expect the evidence to show that Plaintiff, while on her 90-day final counsel warning, failed to report to work as scheduled on May 18, 2002.

12. Defendants expect the evidence to show that Anderson, Plaintiff's supervisor, conferred with Fleet's employee relations representative, Stacey Micka, regarding Plaintiff's performance and absence on May 18, 2002. Defendants expect the evidence to show that the decision was made to terminate Plaintiff in accordance with Fleet's written performance expectations for employees on written 90-day final counsel warning for job performance.

13. Defendants expect the evidence to show that Gibbs did not participate in the decision to terminate Plaintiff's employment with Fleet.

14.     Defendants expect the evidence to show that, while employed, Plaintiff never complained internally or externally that she believed she was subjected to employment discrimination, harassment or retaliation on the basis of her race.

15.     Defendants expect the evidence to show that throughout her employment, Plaintiff was fully aware of the procedures for making a charge of discrimination at the state and federal agencies responsible for receiving such charges and that she failed to make any such charge against the Defendants during her employment with Fleet.

   **(ii) Damages**

1.      Defendants expect the evidence to show that Plaintiff was a part time Teller at the time of her termination, that she was working between 23 and 30 hours per week at a rate of $11 per hour and she did not participate in Fleet's employee health benefit plans.

2.      Defendants expect the evidence to show that following her termination Plaintiff did not look for or apply for any positions with any potential employers.

3.      Defendants expect the evidence to show that Plaintiff collected unemployment compensation from May 22, 2002 through September 2002, in the amount of $4,398. Defendants expect the evidence to show that in or around September 7, 2002, Plaintiff became employed by the Boston Public Schools at a rate of $15.16 per hour.

4.      Defendants expect the evidence to show that Plaintiff has no lost wages resulting from her termination from the position of Teller with Fleet.

5.      Defendants expect that Plaintiff will be unable to show that she would have received a transfer to another position within Fleet, had she not been terminated for her performance problems.

6. Defendants expect the evidence to show that Plaintiff does not suffer any compensable emotional distress, and that even if she did suffer such emotional distress, she has failed to mitigate her damages by failing to seek medical treatment that was available to her.

7. Defendants expect that there will be no evidence offered by Plaintiff of extreme or outrageous conduct of the character required in order to sustain an award of punitive damages.

**(2)    Defendants' Suggestion As To Facts Established By The Pleadings Or By Stipulation**

1. Plaintiff was employed as a Teller at Fleet from October 10, 2001 through May 21, 2002 at a rate of $11.00 per hour.

2. Plaintiff worked full time from October 2001 through January 2002, when she requested a part time schedule.

3. Plaintiff did not participate in Fleet's medical/health insurance plans.

4. Plaintiff was scheduled to work on May 18, 2002.

5. Plaintiff failed to work on May 18, 2002.

6. Plaintiff was terminated by Fleet effective May 21, 2002.

7. Anderson communicated the termination decision to Plaintiff on May 21, 2002.

**(3)    Defendants' Suggestion As To Identification Of Contested Issues Of Fact**

1. Fleet's reasons for Plaintiff's termination.

2. Plaintiff's performance in her position as Teller for Fleet.

3. Whether Plaintiff's termination was because of her race, African American.

4. Whether Plaintiff made any complaint of discrimination for which she suffered actionable retaliation.

5. Whether Plaintiff was denied the right to make and enforce contracts the same as white male citizens by Defendants.

5

6.      Whether Plaintiff suffered any lost wages or front pay from her termination as a Teller at Fleet.

7.      Whether Plaintiff suffered any emotional distress as a result of her termination as a Teller at Fleet.

8.      Whether Plaintiff failed to mitigate her damages from her termination as a Teller at Fleet.

**(4)    Jurisdictional Questions**

This Court lacks jurisdiction to hear and decide Plaintiff's claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000-e, *et seq.* as amended, because Plaintiff failed to request and receive a Notice of Right To Sue from the Equal Employment Opportunity Commission prior to filing her claims in court. Therefore all such claims should be dismissed.

**(5)    Questions Raised By Pending Motions**

No motions are currently pending.

**(6)    Issues of Law, Including Evidentiary Questions, Together With Supporting Authority**

1.      Plaintiff's Telephone Call With Pam LNU

Defendants expect that Plaintiff will seek to testify about a conversation she allegedly had with a person she has identified as "Pam LNU" or "Pam Menaud" or Pam whose last name begins with either an "M" or an "A", regarding a teller difference (overage or shortage of a transaction) attributed to Plaintiff, which she disputed.

Fleet does not have any record of employing any individual by the name of Pam Menaud or Pamela Menaud. In addition, Fleet can find no record of having employed an individual with the first name Pam or Pamela and a last name beginning with M or A. Fleet is still attempting to identify this individual, however, to date has been unable to confirm her existence as an

6

employee, her position, and her authority to speak on any particular subject with respect to Fleet's business.

Fleet expects Plaintiff to attempt to testify in substance that she called Pam, whose last name she does not know and whose position or title she does not know, and Pam told her that Anderson had a teller difference that was made by Nelson Velez attributed to Plaintiff. Defendants contend that this testimony is inadmissible hearsay and does not qualify as an admission by a party opponent under F.R.E. 801(d)(2) because Plaintiff cannot sufficiently identify the individual and cannot establish the individual's agency or employment with Fleet and her authority to speak about the subject of the allegation.

2.     Sufficiency Of Evidence As to Discriminatory Motive

Plaintiff can offer no evidence sufficient to permit a finding of discrimination in this case. Plaintiff does not allege any direct evidence of discrimination, any comments from which an inference of discrimination because of her race could be drawn, or any comparator evidence from which a determination that others not in Plaintiff's protected category were treated more favorably than her with respect to failing to report as scheduled while on a 90-day final counsel warning for tardiness and absenteeism, Bank Secrecy Act violations and excessive teller differences, or any other policy violations.

While Plaintiff disputes a single teller difference which she claims was attributable to another Teller, she can offer no credible evidence to suggest that her other performance issues, including a host of other teller differences, absences from work, lateness getting to work and Bank Secrecy Act violations were wrongly attributed to her and are in fact a pretext for discrimination. Further she cannot and does not claim that she in fact did report to work on May 18, 2002, but was falsely accused of being absent.

3. Complaint Of Discrimination Sufficient To Sustain Retaliation Claims

Plaintiff cannot support a claim of retaliation because she cannot show that she made any complaint of discrimination or engaged in any activity from which she would be protected from retaliation under the law prior to her termination for performance reasons.

4. Plaintiff's Failure To Comply With Procedural Prerequisites Of Title VII

Plaintiff cannot show that she complied with the procedural prerequisite that she request and receive a Notice of Right to Sue from the Equal Employment Opportunity Commission prior to filing any claims under Title VII, 42 U.S.C. §2000-e, et seq. Therefore, Plaintiff's claims under Title VII should be dismissed with prejudice.

**(8)    Additional Matters**

None at this time.

**(9)    Probably Length Of Trial**

This is a bench trial pursuant to Fed.R.Civ.P. 38(b) and (d). Defendants expect the trial to take 2 ½ days, assuming trial days are full days.

**(10)    Witnesses**

Jacqueline Lassiter-Plaintiff

Brian Gibbs-Defendant
Kimber Anderson-Defendant
Jane Gervais-Defendant Fleet National Bank representative
C/o Siobhan Sweeney, Esq.
Edwards & Angell, LLP
101 Federal Street
Boston, MA  02110

Stacey Micka
9 Rivermeadow Rd.
Chelmsford, MA 01824
Tel: 978-256-7174

Defendants reserve the right to amend and supplement this list.

**(11)    Defendants' Proposed Exhibits**

1.   Lassiter Dep. Exhibit 1
2.   Lassiter Dep. Exhibit 2
3.   Lassiter Dep. Exhibit 3
4.   Lassiter Dep. Exhibit 6
5.   Lassiter Dep. Exhibit 7
6.   Lassiter Dep. Exhibit 8
7.   Lassiter Dep. Exhibit 9
8.   Lassiter Dep. Exhibit 11
9.   Lassiter Dep. Exhibit 12
10.  Lassiter Dep. Exhibit 13
11.  Lassiter Dep. Exhibit 14
12.  Lassiter Dep. Exhibit 15
13.  Lassiter Dep. Exhibit 18
14.  Lassiter Dep. Exhibit 19

Defendants reserve the right to amend and supplement this list.

**(12)    Defendants' Position With Respect to Plaintiff's Fed.R.Civ.P. 26(a)(3) Disclosures**

Plaintiff has not served Defendants with her Rule 26(a)(3) disclosures in this matter. Therefore, Defendants reserve all rights to object and otherwise respond to such disclosures within a reasonable time after receipt of same.

FLEET NATIONAL BANK, BRIAN GIBBS AND KIMBER ANDERSON, DEFENDANTS
By their attorneys,

 /s/ Siobhan M. Sweeney
George P. Kostakos (BBO# 557919)
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI  02903
(401) 528-5864
 (401) 528-5859 (fax)

Siobhan M. Sweeney (BBO # 562118)
Edwards & Angell, LLP
101 Federal Street

10

Boston, MA  02210
(617) 439-4444
(617) 439-4170 (fax)

11