EXHIBIT 7

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JACQUELINE LASSITER,

    Plaintiff,

v.                              CA No. 04-10550-WGY

KIMBER ANDERSON, ET AL.,

    Defendants.

## FLEET NATIONAL BANK'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANT FLEET BANK

Pursuant to the Federal Rules of Civil Procedure, Defendant Fleet National Bank ("Fleet" or "Defendant") submits the following answers and objections to Plaintiff's Second Set of Interrogatories propounded to Defendant by plaintiff, Jacqueline Lassiter, ("Lassiter" or "Plaintiff"):

### General Objections

Fleet makes the following General Objections (the "General Objections") to Plaintiff's interrogatories. Fleet incorporates by reference these General Objections into Fleet's responses to each individual interrogatory, to the extent applicable, whether or not specifically stated in any individual response.

    1.    Fleet objects to these interrogatories or any specific interrogatory to the extent that they seek information that is not relevant to the issues raised in this action and that is not reasonably calculated to lead to the discovery of admissible evidence, or that they require Fleet to exceed its obligations under the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the District of Massachusetts.

2. Fleet objects to any interrogatory to the extent that it seeks discovery of privileged information or non-discoverable attorney work product pursuant to Fed. R. Civ. P. 26(b)(3).

3. Fleet objects to these interrogatories to the extent that they seek information that is already in the possession of Plaintiff, or is more readily available to Plaintiff.

4. Fleet objects generally to any and all interrogatories to the extent they seek information concerning the substance of each and every communication concerning general subject matters, dates of such communications and/or the names of all participants to such communications, on grounds that such interrogatories are overly broad and unduly burdensome taking into account the needs of this case and that the information sought by way of these interrogatories can be obtained more easily through other means of discovery. Without waiving this objection, Fleet will answer these interrogatories generally to the extent that its representatives currently can recollect such communications and to the extent the interrogatories seek information reasonably calculated to lead to the discovery of admissible evidence.

5. Fleet objects to these interrogatories to the extent that they seek information that is commercially confidential, proprietary in nature, constitutes trade secrets, or which is protected by the confidentiality and privacy rights of others.

6. Fleet objects to these interrogatories to the extent a full and complete response would subject Fleet to undue burden and expense.

7. Fleet objects to these interrogatories to the extent the general provisions, nstructions and definitions set out in the interrogatories exceed the scope of, or impose burdens not required by, the Federal Rules of Civil Procedure.

8. Fleet objects to these interrogatories to the extent that they exceed in number the total number of interrogatories permitted under the Federal Rules of Civil Procedure and the Local Rules of the District of Massachusetts.

9. Answers to Plaintiff's interrogatories are qualified by the objections, whether general or specific, asserted herein. Answers to interrogatories do not waive any objections asserted.

Without waiving these objections, and without admitting the relevance or materiality of any of the information Plaintiff seeks through the interrogatories, Fleet responds to the interrogatories as follows:

## ANSWERS AND OBJECTIONS TO INTERROGATORIES

1. State the name, address; job title and name of employer of every person who was interviewed by defendant or in its behalf with respect to the allegations set forth in the Complaint on file in this action; the substance of the information which was provided by every such person who was interviewed and the date and place of the interview(s).

### ANSWER:

Defendant objects to this interrogatory on the grounds that it seeks information protected from disclosure by the attorney-client privilege and which comprises the work product of defendant and its attorneys prepared in anticipation of litigation and/or for trial.

Without waiving these objections, defendant refers plaintiff to its initial disclosures made by the parties in this matter with respect to individuals believed to have knowledge of the events in this case.

2. Describe in detail, all documents which show every discrete instance in which plaintiff was responsible for "teller shortages" or/and "teller differences", including but not limited to the date and amount of every one of same.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible or relevant evidence.

Without waiving these objections, upon information and belief, the daily teller tapes relating to plaintiff's overages and shortages during her employment were destroyed per defendant's practice of retaining the last twelve months of teller tapes on a rolling basis. In addition to the teller tapes, overages and shortages were recorded and compiled in a report entitled Tellers O&S – 12 Months Transaction History. Defendant is attempting to locate this report for plaintiff for the period of her employment and will produce such report when and if it becomes available. Defendant also refers Plaintiff to Jacqueline Lassiter Deposition Exhibit 1.

3. Describe in detail, all documents which show discussions between any supervisory official of the defendant and the plaintiff with regard to "Teller Performance Standards", including the date and time and the name of every person who was present.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is ambiguous, seeks information protected by attorney-client privilege and seeks disclosure of work product prepared in anticipation of litigation and/or for trial. Defendant specifically objects to the term "discussions" on the grounds that it is vague, ambiguous and confusing in the context of the

interrogatory and its wording and to the phrase "'Teller Performance Standards'" on the grounds that it is not a defined term and its meaning is ambiguous.

Without waiving these objections, defendant refers plaintiff to documents produced in this matter labeled LAS0014-LAS0022, and to other documents responsive to this interrogatory which have been produced in this case, including Lassiter Deposition Exhibits 1, 2, 8, 9 13, 15 and 20.

4. Describe in detail the defendant's Bank policy or practice with regard to the retention of teller tapes, including but not limited to any regulation (federal and/or state) which governs such retention, the length of the period of retention and the job title of the person responsible for the retention of same.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad and not reasonably limited in time and scope. In addition, Defendant objects to this interrogatory on the grounds that it calls for a legal conclusion with respect to federal and/or state law which would implicate and require disclosure of attorney/client communications.

Without waiving these objections, during the period of Plaintiff's employment, the individual responsible for the retention of teller tapes at the Exeter Plaza branch was Karen Clark, Senior Teller/Lead Teller. Upon information and belief, teller tapes were retained at the bank branch for a certain period of time and then were sent to storage. Upon information and belief, teller tapes in storage were destroyed on a rolling 12 month basis. Defendant is attempting to locate and identify the written policy in effect at that branch during plaintiff's employment and will supplement this response when and if such information becomes available.

5. Identify in as much detail as possible, any document, including but not limited to teller tapes, which refute the plaintiff's contention, as set forth in the allegations of the Complaint on file in this action, that at least one and perhaps more, of the teller differences charged to the plaintiff should have been charged to a co-worker, Nelson Velez, a white male.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is vague, ambiguous, unduly burdensome, not reasonably calculated to lead to the discovery of admissible or relevant evidence, is without foundation or basis in the facts of this case, seeks information protected by attorney-client privilege, seeks work product prepared in anticipation of litigation and/or for trial, seeks the mental impressions, strategies and thought processes of the defendants' attorneys and defendant objects to this interrogatory on the grounds that it exceeds the number of interrogatories permitted to be served under the Federal Rules of Civil Procedure and the Local Rules of the District of Massachusetts, plaintiff already having propounded 25 interrogatories.

6. Give the name; address; name of employer; job title and duties of every person who will refute the allegation set forth in the Complaint filed herein, that the defendant Anderson had instructed that the teller differences for which Velez was responsible, should be charged to plaintiff; including a summary of the expected testimony on the issue.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is vague, ambiguous, unduly burdensome, not reasonably calculated to lead to the discovery of admissible or relevant evidence, is without foundation or basis in the facts of this case, seeks information protected by attorney-client privilege, seeks work product prepared in anticipation of litigation and/or for trial,

seeks the mental impressions, strategies and thought processes of the defendants' attorneys and defendant objects to this interrogatory on the grounds that it exceeds the number of interrogatories permitted to be served under the Federal Rules of Civil Procedure and the Local Rules of the District of Massachusetts, plaintiff already having propounded 25 interrogatories.

7.  For every discussion, between the period of 31st March, '02 and 17th May, '02, had between and/or among supervisory officials of the defendant, relative to possible disciplinary action to be taken against the plaintiff; set forth the date; time and place of every discrete instance of such discussions; the substance; and name, address and job title of every person present.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is vague, ambiguous, unduly burdensome, not reasonably calculated to lead to the discovery of admissible or relevant evidence, is without foundation or basis in the facts of this case, seeks information protected by attorney-client privilege, seeks work product prepared in anticipation of litigation and/or for trial, seeks the mental impressions, strategies and thought processes of the defendants' attorneys and defendant objects to this interrogatory on the grounds that it exceeds the number of interrogatories permitted to be served under the Federal Rules of Civil Procedure and the Local Rules of the District of Massachusetts, plaintiff already having propounded 25 interrogatories.

PRV_694776_1/AFURNESS

As to objections,

Dated: January 7th, 2005

*[signature]*

George P. Kostakos (BBO# 557919)
2800 Financial Plaza
Providence, RI 02903
(401) 528-5864
(401) 528-5859 (fax)

Siobhan M. Sweeney (BBO# 562118)
101 Federal Street
Boston, MA 02210
(617) 439-4444
(617) 439-4170 (fax)

## VERIFICATION

I, Brian Gibbs, certify that I am authorized to sign these Answers to interrogatories on behalf of defendant Fleet National Bank; that I have read the foregoing Interrogatories, and know the content thereof, and certify the same on behalf of defendant; that said Answers were prepared with the assistance of other representatives of defendant; that said Answers, subject to inadvertent or undiscovered errors, are based upon, and therefore, limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of these Answers; that consequently, defendant reserves the right to make changes in the Answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; that subject to the limitations set forth therein, the said Answers are true to the best of my knowledge, information and belief, but are not necessarily based upon my personal knowledge.

FLEET NATIONAL BANK,

By: _____
Brian Gibbs

Dated:

PRV_PRV_694776_1.DOC/AFURNESS

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of January 2005, I caused a copy of the foregoing Fleet National Bank's Answers and Objections to Plaintiff's Second Set of Interrogatories to be mailed via first-class mail, postage prepaid, to:

Winston Kendall, Esq.
Law Office of Winston Kendall
136 Warren Street
Roxbury, MA 02119

Siobhan M. Sweeney