UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
C.A. #04-10550-WGY

JACQUELINE LASSITER

v.

KIMBER ANDERSON ET AL.

AFFIDAVIT IN SUPPORT OF MOTION TO STRIKE DEFENDANT'S ANSWERS TO SECOND SET OF INTERROGATORIES AND FOR FURTHER ANSWERS

I, W.Kendall, depose and say that:

1. I am counsel for plaintiff.
2. Annexed hereto as Exhibit 7 is a copy of the Fleet National Bank's (hereinafter referred to as "Fleet" or as "the Bank") Answers to Plaintiff's Second Set of Interrogatories.
3. The purported answers are non-responsive and plaintiff seeks further answers for the reasons set forth with respect to every one of the "Answers" identified, below:

A. Answer #3: The defendant asserts that the term "discussions" as used in the interrogatory is "ambiguous". There is no other manner in which to describe conversations between supervisors and the plaintiff than by the word "discussions". The information sought is relevant to the material issue as to whether, in fact, the defendant did counsel plaintiff about "Teller Differences" for which she was supposedly responsible. Plaintiff relies on the authority of Gagne v. Reddy, 104 F.R.D. 454, 456 (D.Mass.,1984)(quoting, Miller v. Doctor's Gen. Hosp., 76 F.R.D. 136, 138-9 (W.D.Okla.,1977). The defendant was required, by the provisions of G.L.c.149 S.52C to place in plaintiff's personnel file, documents which show discussions and/or counselling with regard to Teller Differences. Absence of such documents is relevant to the issue of the credibility of the defendants, as well as, on the issue of whether or not the defendants made a good faith attempt to assist plaintiff, as required by the provisions of the Employee Handbook, in identifying and overcoming alleged deficiencies in her performance.

An unequivocal answer is also necessary because defendants have denied the specific allegations. set forth at paragraphs 16-18 of the Complaint, that defendant Anderson had ordered that Teller Differences of Nelson Velez, a white male, should be attributed to plaintiff, a black female. The documents sought could show that plaintiff, in fact, did dispute the alleged Teller Differences and is relevant to plaintiff's credibility on this score and would tend to underscore

plaintiff's allegation that the termination was in retaliation for her protest over the discriminatory charging of Velez' Teller differences to a black female.

In a L.R.7.1 Conference held with defense counsel, defendant has indicated that the only documents which it has are the notes of attorney-client communications and that defendant is prepared to supplement this Answer to so state. Plaintiff is willing to accept such supplemental answer.

B. Answer #5. Defendant claims that the interrogatory which requested that it identify any document, including teller tapes, which refute the allegations of the Complaint that one or more of the Teller Differences charged to plaintiff, should have been charged to Nelson Velez, a white male co-worker, is ambiguous, vague, etc.

First, the defendant did not identify the requested documents, as it should have, in its Initial Disclosure Statement, pursuant to FRCP 26(a)(1)(B).

Second, these documents are certainly "relevant to disputed facts alleged with particularity in the pleadings". Plaintiff relies on the authority of Harvey v. Emco Corp., 28 F.R.D. 380, 381 (E.D., Pa., 1961); Cox v. McClellan, 174 F.R.D.. 32, 34 (W.D.N.Y.,1997) as authority for the proposition that she is entitled to discovery to determine the existence, description, nature, custody and location of any books, documents or other tangible things, even though they may be inadmissible at trial.

Third, the record shows that plaintiff served fourteen interrogatories in her First Set Of Interrogatories (a copy of the First Set is on file in this action in connection with plaintiff's initial Motion To Strike and For Further Answers) and seven, in her Second Set. Plaintiff has served 21 interrogatories. Defendant's contention that plaintiff has served more than 25 interrogatories is without merit.

C. Answer #6. Defendant refused to identify, by name and address, every person who will refute the allegation of the discriminatory charging of Velez' Teller Differences to plaintiff- on the ground o f vagueness, ambiguity, etc.

First, defendants were required to identify such persons in the Initial Disclosure Statement but omitted to do so. Plaintiff relies on the authority of Klonoski v. Mahlab, 156 F.3d 255, 270 (1$^{st.Cir}$., 1998); Lintz v. American General Finance, Inc., 1999 U.S. Dist. LEXIS 12572 for her position that defendants were required to identify in the Disclosure Statement, such persons known to have knowledge relevant to the disputed facts.

Second, for the reasons set forth with regard to Answer #5, supra, the information sought is relevant to the material issues.

Third: At her deposition taken on 10$^{th.January}$, '05, defendant Kimber Anderson testified that she had spoken by telephone in the course of the performance of her duties at Exeter Plaza, with a certain Pam (whose last name

she said she could not recall) on more than one occasion. Ms. Anderson testified that she obtained Pam's name from the Bank Telephone Directory and spoke to her about the matter of Teller Differences.

The defendants, therefore, are aware: of the existence of Pam LNU; that she is or was an employee of Fleet National Bank and that she has knowledge with regard to disputed facts which plaintiff has alleged with particularity.

Plaintiff is entitled, on the authority of Comm. v. United Foods Corp., 374 Mass.765, 374 N.E.2d 1331(1978); Graves v. R.M. Packer Co., Inc., 45 Mass. App.Ct.760, 702 N.E. 2d 21 (1998), rev. denied, 707 N.E.2d 1078 (Mass., 1999) to request a ruling that the defendant Bank's failure to produce Pam LNU leads to the presumption/inference that her testimony would have been adverse to the Bank and favourable to plaintiff.

D. Answer #7.  Defendant refused to provide information, identifying participants in discussions relative to disciplinary action contemplated against plaintiff, between 31$^{st.March}$, '02 and 17$^{th.May}$, '02- on the ground of vagueness, ambiguity and that plaintiff had served more than 25 interrogatories.

First: Plaintiff has served a total of 21 interrogatories.

Second: When defense counsel requested an extension of one week to serve Answers to these interrogatories, she never indicated that the plaintiff had served more than 25 and intended to raise an objection on that basis. The Certificate of Service which accompanied the Answers recites that service was made on 7$^{th.January}$, '05. This date is beyond the extended period of one week to which plaintiff had assented. The Answers should have been served by 27$^{th.December}$, '04. We did not receive the Answers until after the deposition of the defendant Kimber Anderson, taken on 10$^{th.January}$, '05.

Third: Plaintiff intends to show that defendants did not conduct a reasonable inquiry into the facts surrounding her non-appearance at Exeter Plaza on Saturday, 11$^{th.May}$, '02, before terminating her. The alleged unexplained absence from work on that date, was the reason given by defendant Anderson to plaintiff at the time when she announced plaintiff's termination.

The provisions of 41 CFR S.60-1.40 et seq. and the decision in First Alabama Bank v. Donovan, 692 F.2d 714 (1982) oblige the Bank to maintain an Affirmative Action Plan and to take action to ensure employees are treated without regard to race. etc. Such action shall include .. employment, upgrading ... layoff or termination". Plaintiff will rely on the authority of the cited regulations to show that defendant Bank did not comply with the legal requirements by conducting an investigation to determine whether the decision by supervisory officials, such as Anderson and Gibbs to terminate plaintiff, was motivated by discriminatory and/or retaliatory animus.

Plaintiff also intends to seek a ruling that the Bank's failure to produce an AAP or/and to comply with the requirements of the Plan and with the regulatory provisions of 41 CFR S.60-2,17, that it monitor personnel practices at all levels,

including discipline and termination to ensure that supervisory officials are, in fact, adhering to the provisions of the AAP in making personnel decisions, is relevant to the issues discriminatory intent. Plaintiff relies on the authority of Morman v. John Hancock, 672 F.Supp., 993, 995-7 (E.D.Mich.,1987) citing, Craik v. Minnesota State Univ. Bd., 731 F.2d 465, 472 (8th.Cir.,1984) for this proposition.

4. For all of the reasons stated above in paragraph 3, the information sought is relevant to the material issues, is necessary to the plaintiff's case and to rebut the Affirmative Defenses and cannot be obtained elsewhere.

5. Plaintiff relies on the pleadings on file and on the Affidavit In Support of Plaintiff's initial Motion To Strike Answers to Interrogatories and to Request For Production and for Further Answers.

_____
W.Kendall

Dated: 24th January, '05

## L.R.7.1 (A) CERTIFICATE

I, W.Kendall, counsel for plaintiff, hereby certify that in advance of the filing of the instant Motion To Strike and For Further Answers and the annexed Affidavit, that I did confer, withAttorney Sweeney, counsel for defendants with a view to narrowing the issues but that counsel indicated that she would only supplement defendant's Answer to #3.

_____
W.Kendall