UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JACQUELINE LASSITER,<br><br>          Plaintiff,<br><br>v.<br><br>KIMBER ANDERSON, BRIAN GIBBS,<br>FLEET NATIONAL BANK<br><br>          Defendants. | Civil Action No. 04-cv-10550-WGY |

**DEFENDANT FLEET NATIONAL BANK'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE ITS ANSWERS TO SECOND SET OF INTERROGATORIES**

Fleet National Bank ("Defendant") hereby opposes Plaintiff's Motion to Strike Defendant's Answers to Second Set of Interrogatories on the grounds that on January 24, 2005, Defendant served plaintiff with its Supplemental and Amended Answers and Objections to Plaintiff's Second Set of Interrogatories to Defendant Fleet Bank, a true copy of which is attached hereto as Exhibit A.

In further support of this opposition, Defendant states as follows with respect to each of the interrogatories, 3, 5, 6 and 7:

**INTERROGATORY NO. 3**

3.    Describe in detail, all documents which show discussions between any supervisory official of the defendant and the plaintiff with regard to "Teller Performance Standards", including the date and time and the name of every person who was present.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is ambiguous, seeks information protected by attorney-client privilege and seeks disclosure of work product prepared in anticipation of litigation and/or for trial. Defendant specifically objects to the term "discussions" on the grounds that it is vague, ambiguous and confusing in the context of the

interrogatory and its wording and to the phrase "'Teller Performance Standards'" on the grounds that it is not a defined term and its meaning is ambiguous.

Without waiving these objections, defendant refers plaintiff to documents produced in this matter labeled LAS0014-LAS0022, and to other documents responsive to this interrogatory which have been produced in this case, including Lassiter Deposition Exhibits 1, 2, 8, 9 13, 15 and 20. Other documents responsive to this interrogatory are protected from disclosure as attorney notes related to attorney-client communications.

**DISCUSSION**

The response has been supplemented in accordance with the Plaintiff's statement in her Motion that she will accept a supplemental answer that the only other documents that Defendant has are the notes of attorney-client communications. Therefore, this interrogatory is no longer an issue.

**INTERROGATORY NOS. 5 AND 6**

5. Identify in as much detail as possible, any document, including but not limited to teller tapes, which refute the plaintiff's contention, as set forth in the allegations of the Complaint on file in this action, that at least one and perhaps more, of the teller differences charged to the plaintiff should have been charged to a co-worker, Nelson Velez, a white male.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is vague, ambiguous, unduly burdensome, not reasonably calculated to lead to the discovery of admissible or relevant evidence, is without foundation or basis in the facts of this case, seeks information protected by attorney-client privilege, seeks work product prepared in anticipation of litigation and/or for trial, seeks the mental impressions, strategies and thought processes of the defendants' attorneys. Without waiving these objections, defendant refers Plaintiff to the Jacqueline Lassiter Deposition Exhibit 1.

6. Give the name; address; name of employer; job title and duties of every person who will refute the allegation set forth in the Complaint filed herein, that the defendant Anderson had instructed that the teller differences for which Velez was responsible, should be charged to plaintiff; including a summary of the expected testimony on the issue.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is vague, ambiguous, unduly burdensome, not reasonably calculated to lead to the discovery of admissible or relevant evidence, is without foundation or basis in the facts of this case, seeks information protected by

attorney-client privilege, seeks work product prepared in anticipation of litigation and/or for trial, seeks the mental impressions, strategies and thought processes of the defendants' attorneys.

Without waiving these objections, defendant expects Kimber Anderson to testify that she did not instruct that the teller differences for which Velez was responsible, should be charged to Plaintiff.

**DISCUSSION**

Interrogatory Numbers 5 and 6 have been amended and supplemented. In addition, Defendant renews its objections to these interrogatories, especially as to their use of the term "refute," which necessarily implicates the thought processes, mental impressions and strategies of Defendant's attorneys.

Similarly, the cases cited by Plaintiff are inapplicable following the 2000 Amendment to Rule 26(a)(1) governing initial disclosures. Contrary to Plaintiff's assertion, in her discussion of Interrogatory Number 5, that Fed.R.Civ.P. 26(a)(1)(B) requires production all documents "relevant to disputed facts alleged with particularity in the pleadings," the Rule requires only the production of a copy or description of documents, data compilations and tangible things that are in the party's possession, custody, or control and "that the disclosing party may use to support its claims or defenses, unless solely for impeachment. Fed.R.Civ.P. (26)(a)(1)(B) (emphasis added). See also, Comments for 2000 Amendment.

Similarly, contrary to Plaintiff's assertion, in her discussion of Interrogatory Number 6, that Fed.R.Civ.P. 26(a)(1), governing the parties' initial disclosures, requires the disclosure of witnesses individuals having "knowledge of the disputed facts," the Rule requires that a party provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information that *the disclosing party may use to support its claims or defenses,*

unless solely for impeachment, identifying the subjects of the information." Fed.R.Civ.P. 26(a)(1)(A) (emphasis added).  <u>See</u> also, Comments for 2000 Amendment..

## **INTERROGATORY NO. 7**

7.   For every discussion, between the period of 31st March, '02 and 17th May, '02, had between and/or among supervisory officials of the defendant, relative to possible disciplinary action to be taken against the plaintiff; set forth the date; time and place of every discrete instance of such discussions; the substance; and name, address and job title of every person present.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is vague, ambiguous, unduly burdensome, not reasonably calculated to lead to the discovery of admissible or relevant evidence, is without foundation or basis in the facts of this case, seeks information protected by attorney-client privilege, seeks work product prepared in anticipation of litigation and/or for trial, seeks the mental impressions, strategies and thought processes of the defendants' attorneys.

Without waiving these objections, defendant does not have an understanding of the term "supervisory" as it relates to this interrogatory but assumes that it means Plaintiff's direct supervisors, Kimber Anderson and/or Brian Gibbs.  Further, Defendant does not have information related to every "discussion" and "every discrete instance of such discussions", other than as indicated in the documents produced to Plaintiff in this case and the deposition testimony of defendants Anderson and Gibbs, and therefore refers Plaintiff to same.

**DISCUSSION**

To the extent that Plaintiff has failed to explain the meaning of the terms she has used, Defendant has provided a response based on its assumptions, as stated.  To the extent that any such discussions took place between and/or among Plaintiff's direct supervisors, those supervisors are defendants in this matter and have been deposed as to their knowledge of such discussions.  To the extent Plaintiff means other than as assumed in Defendant's supplemented answer, she should explain the meaning of the terms she has used.

- 5 -

        **FLEET NATIONAL BANK,**
        Defendant,
        By its attorneys,


        <u>/s/  Siobhan M. Sweeney</u>
        George P. Kostakos
        BBO No. 557919
        Edwards & Angell, LLP
        2800 Financial Plaza
        Providence, RI 02903
        (401) 274-9200

        Siobhan M. Sweeney
        BBO No. 562118
        Edwards & Angell, LLP
        101 Federal Street
        Boston, MA 02110
        (617) 439-4444

Dated: January 27, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of January 2005, a copy of the foregoing document was served upon the following counsel of record for the parties via CM/ECF electronic mail and first class mail:

Winston Kendall, Esq.
Law Office of Winston Kendall
136 Warren Street
Roxbury, MA  02119

                                        /s/  Siobhan M. Sweeney
                                        Siobhan M. Sweeney

## CERTIFICATE PURSUANT TO L.R. 7.1

I hereby certify that on this 24t$^h$ day of January, 2005 I have conferred by telephone with counsel for Plaintiff, Winston Kendall, Esq. Of 136 Warren Street, Roxbury, MA  with a view to narrowing the issues raised by this motion.

                                        /s/ Siobhan M. Sweeney
                                        Siobhan M. Sweeney