UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JACQUELINE LASSITER,

           Plaintiff,

v.

KIMBER ANDERSON, BRIAN GIBBS,
FLEET NATIONAL BANK

           Defendants.

Civil Action No. 04-cv-10550-WGY

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT FLEET NATIONAL BANK'S MOTION TO DISMISS PLAINTIFF'S CLAIMS PURSUANT TO TITLE VII

### INTRODUCTION

Defendant Fleet National Bank has moved pursuant to Federal Rule of Civil Procedure 12(h)(3) to dismiss claims alleged in Count II of the plaintiff's Complaint brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, ("Title VII") for employment discrimination and retaliation.

As grounds for this motion, Defendants state that plaintiff, Jacqueline Lassiter, ("Plaintiff" or "Lassiter") has failed to request or receive a right to sue letter from the Equal Employment Opportunity Commission, which is a prerequisite to the filing of suit in court under the statute, and therefore, the Court lacks jurisdiction over such subject matters. In further support of this motion, Defendant submits this Memorandum of Law in Support of Defendant's Motion to Dismiss.

### LEGAL ARGUMENT

When Congress enacted Title VII, it included certain mandatory administrative requirements as a prerequisite to bringing and employment discrimination claim in federal court.

See 42 U.S.C. § 2000e-16(b)(1981) (requiring the establishment of procedures for administrative processing of Title VII complaints). Among the procedures mandated by Congress, are those established by 42 U.S.C. § 2000e-5(f)(1), which requires that as a precondition to suit by an aggrieved person, the Equal Employment Opportunity Commission ("EEOC") send notice to the aggrieved person of its dismissal of the charge or the termination of the EEOC's proceedings. It is well-settled that a complaining party "must satisfy two jurisdictional prerequisites to in order to bring suit under Title VII: (a) a charge must be filed with the EEOC, and (b) statutory notice from the EEOC of the right to sue muse be received." Local 179, United Textile Workers of America, AFL-CIO v. Federal Paper Stock Company, 461 F.2d 849, 850-51(8th Cir. 1972), and cases cited. See also, Movement for Opportunity and Equality v. General Motors Corp., 622 F.2d 1235, 1238 (1980) ("receipt of a right to sue letter is a prerequisite to the maintenance of suit under Title VII"), citing Alexander v. Gardener-Denver Co., 415 U.S. 36, 47 (1974).

The issuance of this notice, which the EEOC refers to as "notice of right to sue" in its regulations, triggers the beginning of the 90 day period in which the aggrieved party may bring a civil action against the respondent(s) named in the charge. 42 U.S.C. § 2000e-5(f)(1). See also, 29 CFR § 1601.28 (EEOC's regulations concerning "Notice of right to sue: Procedure and authority"). The requirement that such notice issue from the EEOC is not onerous, and the EEOC's regulations provide that the aggrieved party may request such notice at any time following the filing of his/her charge. 29 CFR § 1601.28(a)(1). In the first 180 days after the filing of the charge, however, such notice may issue upon request of the aggrieved party only after the EEOC's determination that it will be unable to complete its administrative processing of the charge within 180 days and attaches a written certification to that effect. 29 CFR § 1601.28 (a)(2).

In this case, Plaintiff cannot present evidence of the issuance or her receipt of a notice of right to sue from the EEOC. Upon information and belief, the EEOC charge No. 16CA300356, remains open and pending at the EEOC. Further, Plaintiff cannot present any evidence of a reason for this omission that would permit this Court to exercise equitable powers. She cannot show that she was unaware of the procedures, as she was represented by counsel during the administrative proceedings, nor that she was misled by anyone into believing that her EEOC charge had been dismissed at the time she filed her claims under Title VII.

## CONCLUSION

Because Plaintiff has failed to comply with the procedural prerequisites to filing suit under Title VII, such claims as Plaintiff has brought pursuant to 42 U.S.C. § 2000e, *et seq.*, should be dismissed for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(h)(3).

**FLEET NATIONAL BANK**

By its attorneys,

/s/ Siobhan M. Sweeney
George P. Kostakos
BBO No. 557919
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200

Siobhan M. Sweeney
BBO No. 562118
Edwards & Angell, LLP
101 Federal Street
Boston, MA 02110
(617) 439-4444

Dated: January 27, 2005

- 4 -

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of January, 2005, a copy of the foregoing document was served upon the following counsel of record for the parties via CM/ECF electronic mail and first class mail:

Winston Kendall, Esq.
Law Office of Winston Kendall
136 Warren Street
Roxbury, MA  02119

/s/  Siobhan M. Sweeney
Siobhan M. Sweeney