UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JACQUELINE LASSITER,

                  Plaintiff,

v.

KIMBER ANDERSON, BRIAN GIBBS,
FLEET NATIONAL BANK

                  Defendants.

Civil Action No. 04-cv-10550-WGY

## **DEFENDANTS' MOTION TO PRECLUDE PLAINTIFF'S EXPERT WITNESS**

      Defendants Kimber Anderson ("Anderson"), Brian Gibbs ("Gibbs"), and Fleet National Bank ("Fleet") (Anderson, Gibbs, and Fleet are hereinafter sometimes collectively referred to as "Defendants" ) move to preclude the expert witness identified by plaintiff in her pretrial memorandum and Rule 26(a)(3) disclosures.

      As grounds for this motion, Defendants state that plaintiff, Jacqueline Lassiter, ("Plaintiff" or "Lassiter") failed to provide an adequate and complete response to Defendant Fleet's expert interrogatory, provided  purposefully vague and incomplete information in response to the expert interrogatory, failed to supplement her document production with complete records of her health care providers, failed to provide any expert disclosures by the deadline of November 15, 2004, set in the Court's scheduling order and has failed to provide the automatic disclosures related to the expert witness as required by Rule 26(a)(2)(A).  In further support of this motion, Defendants state as follows:

1.    On September 27, 2004, Defendants served their First Interrogatories to Plaintiff.

Among the interrogatories was a standard expert interrogatory.  The Plaintiff served unsigned

responses on November 15, 2004.

2.    Defendants' expert interrogatory and plaintiff's response were as follows:

12.    Please identify and provide the address and telephone number for any person whom you expect to call as an expert witness at trial, and, for any such person, state

(a)    the field of expertise of such expert, as well as educational and work experience;

(b)    the subject matter on which the expert is expected to testify;

(c)    the substance of the facts and opinions to which the expert shall testify;

(d)    a summary of the grounds of each opinion held by such expert; and

(e)    a description and date of each written report prepared by each expert, including its present location.

A.    Dr. Johnnie Hamilton-Mason; South End Community Health Center— 1401 Washington Street, Boston; (617) 425-2060 and Simmons College, 300 The Fenway, Boston, Ma; Dr. Mason has taught a course in the "Dynamics of Racism and Oppression" at Simmons and has also maintained a clinical practice.  It is has not yet been determined whether the symptoms of sadness, depression, anxiety and fear, which she observed, can be said, to a reasonable degree of clinical certainty, to be causally linked to the discriminatory treatment visited on the plaintiff.  Plaintiff reserves the right to supplement this answer.  Dr. Mason did prepare an Adult Intake/Diagnostic Summary as a result of her interviews with the plaintiff.  The initial intake occurred on the 19th June, '02 and the Diagnostic Summary was provided to counsel for the plaintiff under date of 17th August, '04. A copy of the summary is annexed to these answers to interrogatories.

3.    Plaintiff's response to interrogatory number 12 is incomplete and non-responsive as to

subparts (a) through (e), including the proposed expert's field of expertise, education and

experience, the subject matter of the proposed expert witness' testimony, the facts and opinions

to which she is expected to testify and the grounds for each opinion held by the proposed expert witness and a description of any reports prepared by her.

4.      A true copy of the cover letter from Johnnie Hamilton-Mason, Ph.D. ("Hamilton-Mason"), to Plaintiff's counsel related to the production of Plaintiff's health records "summary" referred to in Plaintiff's answer number 12 is attached hereto as Exhibit A.  According to Hamilton-Mason, and the information previously provided to Defendants, she "only saw [Plaintiff] 3x and was not able to complete her diagnostic."

4.      At her own deposition, Plaintiff testified that she had treated with Hamilton-Mason in relation to her prior claims of discrimination against the MBTA.  Following Plaintiff's deposition, Defendants requested a complete copy of all records related to treatment of Plaintiff by Hamilton-Mason and another health care provider.  A true copy of Defendants' request for a supplementation of Plaintiff's document request is attached as Exhibit B.

5.      Although Plaintiff's counsel agreed to supplement her production of documents, Plaintiff failed to do so in relation to Hamilton-Mason's records and those of the other health care provider.

6.      According to Plaintiff's own interrogatory answer number 12, "it has not yet been determined whether the symptoms . . . can be said, to a reasonable degree of clinical certainty, to be causally linked to the discriminatory treatment visited on the plaintiff.

7.      Now, on the eve of trial and after the close of discovery, Plaintiff states for the first time in the Joint Pre-trial Memorandum,[1] that Hamilton-Mason "is expected to testify that the plaintiff suffered depression as a result of the discriminatory and harassing conduct of the defendants and

---

[1]  Plaintiff did not provide Defendants' counsel with an opportunity to review the "Joint Pre-trial Memorandum" prior to its submission or to submit any information in response to Plaintiff's information.  Defendants' counsel did not give Plaintiff's counsel permission to sign her name to such filing.

PRV_706883_1.DOC/SSWEENEY

that the depression was causally related to the conditions of the employment at Fleet National

Bank."

8.      Defendants will suffer great prejudice if Hamilton-Mason is permitted to testify in this

matter as indicated in the Joint Pre-trial Memorandum, as Plaintiff's interrogatory response was

purposefully vague and incomplete, was never supplemented with new information, and Plaintiff

indicates that she now, for the first time, expects Hamilton-Mason not only to testify regarding  a

diagnosis of depression, but also that the depression was caused by "discriminatory and

harassing conduct of the defendants," which is the ultimate issue for trial.  Defendants have had

no opportunity to discover the facts and opinions held by Hamilton-Mason, her education,

training and experience, or the grounds and basis for such facts and opinions or to present an

expert of their own on the subjects of Hamilton-Mason's proposed testimony. <u>See</u> Advisory

Committee Notes, Fed.R.Civ.P. 26(a)(2), 1993 Amendments.

        WHEREFORE, Defendants respectfully request that Plaintiff be precluded from calling

Johnnie Hamilton-Mason, Ph.D. to testify in the trial of this matter.

                            **KIMBER ANDERSON,**
                            **BRIAN GIBBS, AND**
                            **FLEET NATIONAL BANK**

                            By their attorneys,


                            <u>/s/  Siobhan M. Sweeney</u>
                            George P. Kostakos
                            BBO No. 557919
                            Edwards & Angell, LLP
                            2800 Financial Plaza
                            Providence, RI 02903
                            (401) 274-9200

                            Siobhan M. Sweeney
                            BBO No. 562118

Edwards & Angell, LLP
101 Federal Street
Boston, MA 02110
(617) 439-4444

Dated: January 31, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of January, 2005, a copy of the foregoing document was served upon the following counsel of record for the parties via CM/ECF electronic mail and first class mail:

Winston Kendall, Esq.
Law Office of Winston Kendall
136 Warren Street
Roxbury, MA  02119

/s/  Siobhan M. Sweeney
Siobhan M. Sweeney