UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
C.A. #04-10550-WGY

JACQUELINE LASSITER

v.

KIMBER ANDERSON

MEMORANDUM IN SUPPORT OF
OPPOSITION TO MOTION TO
DISMISS TITLE VII CLAIMS

**PROCEDURAL HISTORY:**

The plaintiff, an African American female citizen of the United States, first filed a Charge, #02-BEM-3809, at the MCAD on $13^{th.November}$, '02, in which she alleged racial discrimination and retaliation, in connection with her employment and termination by Fleet Bank. All of the defendants were named in the Charge.

Defendants vigourously contested the allegations of the Charge in numerous filings at MCAD, in their Position Statement and Pre-Determination Memorandum of Proposed Findings of Fact and Conclusions of Law, filed on $20^{th.June}$, '03.

On $17^{th.November}$, '03, plaintiff requested that the MCAD dismiss the Charge as well as that which had been cross-filed with the EEOC, in order to commence a civil action.

On $21^{st.November}$, '03, the MCAD notified counsel for the parties, of the Dismissal of the Charge and issued a Notice of Dismissal and Recommendation: Case Closure.

Plaintiff commenced this action in the Suffolk Superior Court and the defendants removed it to this court.

In their Answer, on file in this court, the defendants raised several Affirmative Defenses but did not raise that of the failure of the plaintiff to obtain a Right-To-Sue Letter from EEOC.

Likewise, even though the defendants filed a Motion To Dismiss and a Motion For Partial Summary Judgment, they did not raise the issue of non-receipt

of a Right-To-Sue Letter.

### Failure To Raise The Omission To Receive A Right-To-Sue Letter, Constitutes A Waiver

The law is clear that a party is required to consolidate all of its defenses or/ and objections in its initial motion or in its first responsive pleading. Armstrong v. Sears, 33 F.3d 182, 188 (2d.Cir.,1994). It has been said that the purpose of Rule 12(h) (1)'s automatic waiver provision is to encourage the consolidation of motions and discourage the dilatory device of making htem in a series. Flory v. United States, 79 F.3d 24, 25 ($5^{th.Cir.}$, 1996).

The rule of mandatory consolidation applies to defenses and objections "then available to the party". Glater v. Eli Lilly & Co., 712 F.2d 735, 738 ($1^{st.Cir.}$,1 1983).

In the instant case, the record shows that the defendants filed: A Motion To Dismiss and a Motion For Partial Summary Judgment and failed to raise the matter of plaintiff's non-receipt of a Right-To-Sue Letter from EEOC. In addition, the defendants did not raise this matter as an Affirmative Defense.

Thus, the doctrine of waiver, R.12(h)(1) is applicable and defendants should be estopped from now seeking to have the Title VII claims dismissed.

### THE RECEIPT OF A RIGHT-TO-SUE LETTER IS SUBJECT TO EQUITABLE MODIFICATION

A number of courts have held that the issuance of a right-to-sue letter is not a jurisdictional prerequisite but rather, a pre-condition subject to equitable tolling and waiver. Pietras v. Bd. of Fire Commissioners, 180 F.3d 468 ($2^{nd.Cir.}$, '99).

Other courts have ruled that it is the entitlement of the plaintiff to receive a right-to-sue letter which is controlling and that it was of little moment if the letter was not, in fact, issued. Moore v. City of Charlotte, 754 F.2d 1100 ($4^{th.Cir.}$,) cert. denied, 472 U.S. 1021, 105 S.Ct. 3488 (1985); Perdue v. Roy Stone Transfer Corp., 690 F.2d 1091 (4th.Cir.,1982).

In this circuit, the District Court has dismissed a claim without prejudice,

where the plaintiff did not receive the letter prior to commencing her action nor during the litigation. Marrero-Rivera v Dept. of Justice, 800 F.Supp.1024 (D.P.R., 1992).

Where the parties have engaged in extensive discovery and expended significant resources of time and money in preparation for trial, it would be inequitable to dismiss the Complaint, even without prejudice.

The defendants have alleged no prejudice on account of the plaintiff's non-receipt of the letter and took full advantage of the administrative process at MCAD. The defendants were fully apprised of the substance of the plaintiff's claims through the MCAD procedure.

In such circumstances, it would be in the interest of justice for this court to either: rule that non-receipt of the letter is a failure to fulfill a precondition which it has waived on behalf of the plaintiff or grant plaintiff leave to request the letter from EEOC **pendente lite.**

CONCLUSION:

For the reasons adduced above, the plaintiff prays that the Court deny the defendants' Motion To Dismiss Title VII Claims and rule that it has waived the requirement of a Right-To-Sue Letter, or, grant her permission to request such a letter from the EEOC.

By her Attorney,

W. Kendall
136 Warren Street
Roxbury, Ma. 02119
(617) 442-6130