UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
C.A.#04-10550-WGY

JACQUELINE LASSITER

v.

KIMBER ANDERSON ET AL.

AFFIDAVIT IN SUPPORT OF
OPPOSITION TO DISMISSAL
OF TITLE VII CLAIMS AND REQUEST
FOR WAIVER OF REQUIREMENT OF
RIGHT-TO-SUE LETTER

I, W.Kendall, depose and say that:

1. I am counsel for plaintiff.
2. Plaintiff, on 13th.November, '02, filed a Charge (#02 -BEM-3809) of discrimination at the MCAD in which she named all of the defendants.
3. It is the practice of the MCAD to cross-file Charges with the EEOC.
4. All of the defendants had the opportunity to contest the allegations of the Charge at the MCAD and, in fact, did vigorously dispute such allegations in their Position Statement and in their Pre-Determination Memorandum of Proposed Findings of Fact and Conclusion of Law filed on 20th.June, '03.
5. On 17th.November, '03. plaintiff requested of the MCAD that it dismiss the Charge as well as that which had been cross-filed at the EEOC, in order to commence a civil action. Exhibit 9-consisting of: MCAD Charge; Notice of Procedures to the Parties; Notice of Dismissal and Recommendation: Case Closure.
6. MCAD on 21st.November, '03, notified plaintiff of dismissal of the Charge and served copy of the Notice on Anne Kinnane, esq., Fleet Corporate Law Dept.
7. In their Answer to the Complaint filed in the Suffolk Superior Court and removed to this Court, the defendants raised a number of Affirmative Defenses but did not raise as a Defense, the omission of the plaintiff to obtain a Right-To-Sue Letter from the EEOC prior to commencing her action.
8. Defendants also filed a Motion To Dismiss and a Motion For Partial Summary Judgment in which they did not raise the instant issue.
9. Defendants have not alleged that they have suffered any prejudice on account of the plaintiff's omission.
10. The EEOC did not conduct a separate investigation into the plaintiff's MCAD Charge and in fact, deferred to the MCAD in its investigation.
11. Plaintiff has relied on legal authority for the proposition that entitlement to the receipt of a Right-To-Sue letter from the EEOC is sufficient to satisfy administrative requirements under Title VII.
12. Plaintiff has meritorious claims under Title VII on which she intends to present evidence at the time of trial.

W.Kendall